460 A.2d 249

In re COUNTY INVESTIGATING GRAND JURY
OF OCTOBER 18, 1982.

**Petition of Raymond STOUT.**

Supreme Court of Pennsylvania.

Argued April 22, 1983.

Decided May 20, 1983.

Andrew Cohn, Eric Henson, Asst. Dist. Attys., Philadelphia, for respondent.

Bruce L. Thall, Richard A. Sprague, Philadelphia, for petitioner.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION OF THE COURT

ROBERTS, Chief Justice.

This is a petition for review of a contempt citation issued by the supervising judge of the Philadelphia Investigating Grand Jury of October 18, 1982, which is investigating the fiscal affairs of the Health and Welfare and Legal Services Trust Funds of AFSCME District Council 33. Notice of submission of the matter was presented to the supervising judge on January 12, 1983, shortly after the District Attorney of Philadelphia obtained a copy of an audit of the Funds performed by the City Controller. The audit revealed a series of interest-free loans and unexplained transfers of funds, including a payment of $16,000 to "Stout's Garage," an auto repair shop owned by petitioner Raymond Stout, whose brother, Earl Stout, is President of District Council 33. Petitioner was held in civil contempt on March 24, 1983, for refusing to testify or to produce documents in accordance with a subpoena issued by the grand jury on January 14.

Petitioner contends that the grand jury's investigation into the fiscal affairs of the Funds is improper because the matter was not among the areas of criminal activity which were specifically enumerated by the district attorney in his application to empanel a grand jury. This contention, however, is premised upon a misreading of the Investigating Grand Jury Act, 42 Pa.C.S. § 4541 et seq. Whereas the Act

requires that any matter to be submitted to a grand jury be set forth in a notice of submission to the supervising judge, see 42 Pa.C.S. § 4550, the Act permits the empanelment of an investigating grand jury without specific reference to the criminal activity or activities to be investigated, see 42 Pa.C.S. § 4543(b); see generally *Appeal of Washington,* 490 Pa. 31, 415 A.2d 17 (1980). Indeed, if petitioner's interpretation of the Act were correct, whenever an investigating grand jury is in operation and additional criminal activity requiring grand jury resources becomes known, a new grand jury would have to be empaneled. Clearly, the Legislature did not intend so costly an expenditure of the public's time and money. See 42 Pa.C.S. § 4547 (additional grand juries may be applied for "[w]henever the attorney for the Commonwealth determines that the volume of work of an investigating grand jury exceeds the capacity of the investigating grand jury to discharge its obligations"); see also 1 Pa.C.S. § 1922(1) (Legislature does not intend an unreasonable result).

After review of all of the papers filed in connection with this proceeding, we conclude that the present subpoena was properly issued and that, as we have concluded in prior proceedings before this Court involving the investigation of the present matter, see *Petition of Earl Stout,* No. 44 E.D.Misc.Dkt.1983 (Pa., filed 4/5/83); *Petition of Albert Johnson, et al.,* No. 36 E.D.Misc.Dkt.1983 (Pa., filed 3/11/83), the investigating grand jury was both properly empaneled and properly presented with the matter under investigation. Accordingly, the petition for review is denied.

Petition denied.

NIX, J., files a concurring opinion.

ZAPPALA, J., dissents.

NIX, Justice, concurring.

While I am in agreement with the result reached by the majority in the instant matter, the implications of the majority's holding compel me to write separately.

I must accept the view of the majority in *In re: Investigating Grand Jury of Philadelphia County (Appeal of Washington)*, 490 Pa. 31, 415 A.2d 17 (1980), that the exercise of judicial discretion with respect to the empanelment of an investigating grand jury is limited to a determination of whether the allegations of the district attorney in the application for empanelment are facially adequate in terms of the Investigating Grand Jury Act, 42 Pa.C.S. §§ 4541 et seq., and are made in good faith. It should be made clear, however, that neither that Act nor our case law supports the notion that an application for empanelment, once approved, is license to submit *any* investigation through a notice of submission. Subsequent submissions must be shown either to be within the original application for empanelment or meet the jurisdictional predicate for subject matter to be considered by a grand jury. The effect of a contrary interpretation would remove judicial supervision of the investigative process and gives to the district attorney virtual subpoena power. In order to justify the use of the grand jury's resources in an investigation unrelated to the areas of need set forth in the application for empanelment, the supervising judge must hold the notice of submission to the same standards of facial adequacy and good faith as are imposed upon the initial application.

This requirement is fully supported by this Court's decision in *Appeal of Washington, supra:*

> [T]he empanelment *and presentation of a matter for investigation to the grand jury* are allowed to occur based on statements and allegations of the district attorney, and the function of the judiciary up to this point is limited to evaluating the facial adequacy under the Act of the application [for empanelment] *and notice* [of submission].

*Id.,* 490 Pa. at 39, 415 A.2d at 21 (emphasis supplied). We further recognized in that opinion that, although the statute does not *require* judicial approval prior to the submission of an investigation, a supervising judge has the power to reject *sua sponte* a facially inadequate notice. *Id.,* 490 Pa. 39 at n. 9, 415 A.2d at 21 n. 9. In my judgment this

power must be exercised, particularly where the subsequent submission pertains to matters beyond the original empanelment application. Such an action is consistent with the role of supervising judge and in no way contravenes the purposes of the Investigating Grand Jury Act.

Moreover, this procedure in no way impedes the investigative process, but rather provides a necessary safeguard against waste of the grand jury's resources and needless inconvenience and expense to individuals subpoenaed. Meaningful judicial supervision of grand jury investigations thus dictates such an assessment.

The record demonstrates that the instant investigation was conducted in scrupulous compliance with the procedures prescribed in the Investigating Grand Jury Act and in *Robert Hawthorne, Inc. v. County Investigating Grand Jury (Appeal of Thomas Hawthorne)*, 488 Pa. 373, 412 A.2d 556 (1980). The notice of submission described in detail the nature of the suspected criminal activity to be investigated as well as the scope of the proposed investigation. Further, that notice was in fact approved by the supervising judge. The Commonwealth furnished appellant with a *Schofield* affidavit and copies of both the application for empanelment and the notice of submission. *In re Grand Jury Proceedings*, 486 F.2d 85 (3d Cir.1973); *Appeal of Hawthorne, supra.* The supervising judge conducted an *in camera* hearing during which the Commonwealth disclosed its sources of information, the basis for its belief as to the existence of criminal activity and the reasons why the grand jury's resources were required. Six of the seven documents submitted at the hearing in support of the Commonwealth's averments were made available to appellant. Thus there is no basis for appellant's claim that his motion to quash the subpoena was improperly denied.[1]

1. Appellant's argument that the supervising judge's refusal to conduct an evidentiary hearing as to the factual allegations in the notice of submission and the application to empanel precludes this Court from properly evaluating his challenge is of no moment. This is not the appropriate time for appellate review of such challenges. In the event of appellant's subsequent prosecution and conviction, his claim

The majority opinion fails to discuss appellant's argument relating to the President Judge's failure to act upon the petition for empanelment within the ten (10) day requirement under 42 Pa.C.S. § 4543(b). The empanelment application was submitted to President Judge Bradley on or about July 1, 1982 and the order granting it was not signed by the President Judge until October 8, 1982, approximately three (3) months after he had received it. It is presently contended that the order of October 8, 1982 should be deemed null and void because of the noncompliance with § 4543(b).

In *In re: County Investigating Grand Jury of April 24, 1981, Appeal of Krakower,* 500 Pa. 557, 459 A.2d 304 (1983), this Court held that the use of an investigating grand jury is conditioned upon the *present need* for that body's investigative resources. Moreover, section 4543(b) provides that the application for empanelment contain an averment that "[t]he convening of a county investigating grand jury is *necessary* because of the existence of criminal activity within the county which can best be fully investigated using the investigative resources of the grand jury." Both the *existence* of criminal activity and the *need* for the grand jury's investigative resources could conceivably evaporate during a three-month period. There may be a situation where a violation of section 4543(b) results in the empanelment of a jury at a time when either the existence of the criminal activity and/or the need for the use of the grand jury's investigative resources were in fact no longer present.

I believe it is necessary to call attention to this argument because under certain factual situations a delayed signing of the application for empanelment may well justify a finding that the empanelment of the grand jury was improper. However, in the instant case I do not find any prejudice as a result of the delay inuring to the detriment of appellant. As indicated, the investigation of the matter in which appellant

is preserved for review. To permit appellate review at this stage of the proceedings would unnecessarily interrupt the progress of the investigation and erode its confidential character.

is concerned was not covered by the initial application for empanelment. The validity of the grand jury's investigation into that area must depend upon the propriety of the subsequent notice of submission.

Accordingly, because the allegations in the notice of submission of the instant investigation satisfy the facial adequacy and good faith standards, I concur · in the result.