## Commonwealth v. Hale

*Gary Reinhardt,* Deputy Attorney General, for Commonwealth.

*Paul J. Killion,* for defendant.

DALESSANDRO, *J.,* February 4, 1985—This matter is before the court on defendant's omnibus pretrial motion.

## HISTORY AND FACTS

Pursuant to the Investigating Grand Jury Act, 42 Pa.C.S. §4550, Notice of Submission of Investigation Notice No. 1 was submitted to the Honorable G. Thomas Gates of the Dauphin County Court of Common Pleas, Supervising Judge of the Pennsylvania Multi-County Investigating Grand Jury, on behalf of Leroy S. Zimmerman, Attorney General,

by William I. Arbuckle, III, Deputy Attorney General, Criminal Law Division; the court accepted the notice of submission on March 12, 1984. Also on that date, the attorney general requested that the Pennsylvania Liquor Control Board turn over books and papers in its possession which related to 11 specified licensed establishments. Vispi's Camelot Lounge of Kingston was the eighth establishment listed in the letter of request.

Defendant was arrested on August 24, 1984, on a criminal complaint based on an affidavit of probable cause signed by Special Agent Barry J. Moran, Office of Attorney General, Bureau of Criminal Investigation, following his review of Presentment no. 4. Defendant was charged with criminal conspiracy, obstructing administration of law or other governmental function, and three violations of the Pennsylvania Ethics Act. The criminal conspiracy charge was dismissed at the preliminary hearing, upon the Commonwealth's motion. The remaining charges of obstructing administration of law or other governmental function and three violations of the Ethics Act were returned to the Luzerne County Court of Common Pleas. Following a hearing on September 27, 1984, defendant's petition for writ of habeas corpus was denied by the court.

Defendant filed his omnibus pretrial motion on November 30, 1984; a brief and a supplemental brief in support of the motion were submitted to this court. In response, the Commonwealth submitted a brief and a supplemental brief. A hearing was held and oral arguments were heard on the omnibus pretrial motion before this court on January 9, 1985. On January 24, 1985, this court granted the Commonwealth's motion for a nolle prosequi as regards the violations of the Pennsylvania Ethics Act charged in Information 1474-A. Accordingly, our

disposition of defendant's pretrial omnibus motion will only be addressed to the charges of Information 1474 and 1474-B of 1984.

## DISCUSSION AND LAW

Defendant's omnibus pretrial motion is comprised of a motion for severance, seven motions to quash bills of information, a motion for additional pretrial discovery, and a motion for pretrial conference.

Defendant intially moves for severance of the offenses charged against him in Informations 1474 and 1474-B. In pertinent part, Pa.R.Crim.P. 1127 provides as follows:

"A. Standards

(1) Offenses charged in separate indictments or informations may be tried together if:

(a) the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion; or

(b) the offenses charged are based on the same act or transaction."

Information 1474 of 1984 charges defendant with two counts of violating the Pennsylvania Ethics Act, 65 P.S. §403(a), because of his acceptance of free lodging and meals for himself and friends from the Buck Hill Inn, a Pa.LCB licensed establishment, on November 29-December 2, 1981 (Count I) and on November 28-29, 1982 (Count II). Information 1474-B of 1984 charges that 18 Pa.C.S. §5101 was violated by defendant in September, 1982, when he unlawfully disclosed to Joseph Vispi, the owner of Vispi's, that his establishment was under Pa.LCB investigation, thus resulting in the obstruction of the administration of law or other governmental

function by breach of an official duty or any other unlawful act.

"It is well established that the propriety of consolidating separate indictments for trial is a matter of discretion with the trial judge, and the exercise of this discretion will be reversed only for manifest abuse of discretion and clear injustice to the defendant. The court must weigh the possibility of prejudice and injustice caused by the consolidation against the consideration of judicial economy." (Citations omitted.) Commonwealth v. Moore, 321 Pa.Super. 1, 7, 467 A.2d 862, 865-866 (1983). "Denial of a motion for severance is proper only if (1) the facts and elements of the two crimes are easily separable in the minds of the jurors, and (2) the crimes are such that the fact of commission of each crime would be admissible as evidence in a separate trial for the other." Commonwealth v. Boyd, 315 Pa.Super. 308, 315, 461 A.2d 1294, 1298 (1983). Applying these guidelines, we find that proof of the defendant's transactions with the Buck Hill Inn would be prejudicial, and thus inadmissible, at a separate trial on the charges relating to Vispi's. The possibility that the jury may cumulate the evidence to find guilt, when it would not so find had it considered the defendant's transactions with each establishment individually, is apparent. Therefore, we grant defendant's motion to sever Information 1474 from Information 1474-B for trial purposes.

Defendant's first motion to quash the bills of information "raise the issue of impropriety before the Grand Jury." The defendant argues that the instant matter was improperly brought before the investigative grand jury because the investigative resources of the grand jury were *not* necessary for a proper investigation of the case; he asserts that submission of this matter to the grand jury was not in compliance

with 42 Pa.C.S. §4550 and cites In Re Cty. Inv. Gr. Jury of April 24, 1981 (Krakower), 500 Pa. 557, 459 A.2d 304 (1983) in support of his proposition.

Krakower has been interpreted to stand for the rule of law that "the use of an investigating grand jury is conditioned upon the *present need* for that body's investigative resources." (Emphasis in original.) In Re Cty. Inv. Gr. Jury of October 18, 1982, 501 Pa. 118, 123, 460 A.2d 249, 252 (1983). The presentment of the investigative grand jury and the resulting criminal complaints were quashed in Krakower because the district attorney therein requested the new submission solely for the purpose of curing an error which was submitted to the previous grand jury; no new evidence was to be presented. The Pennsylvania Superior Court reviewed the appropriateness of this submission in light of 42 Pa.C.S. §4550, which is entitled "Submissions of investigations by attorney for the Commonwealth to investigating grand jury"; in pertinent part, §4550 provides:

"(a) General rule.—Before submitting an investigation to the investigating grand jury the attorney for the Commonwealth shall submit a notice to the supervising judge. This notice shall allege that the matter in question should be brought to the attention of the investigating grand jury because the investigative resources of the grand jury are necessary for proper investigation. The notice shall allege that one or more of the investigative resources of the grand jury are required in order to adequately investigate the matter."

Whereas no further evidence was sought by the district attorney's new submission to the grand jury, there was *no need* for the grand jury's investigative resources "in order to adequately *investigate* and *uncover* criminal activity." (Emphasis in original.)

Krakower at 563, 459 A.2d 307. The Krakower court concluded that to permit a submission merely for the purpose of correcting a previous error would constitute an abuse of the investigating grand jury and would waste valuable judicial resources.

In the case presently before us, the defendant argues that before a proper submission can be made, the "normal law enforcement resources of the attorney general's office must be inadequate as a jurisdictional predicate to the submission of the case to the Grand Jury." (Defendant's Supplemental Brief in Support of Pretrial Motions). The investigative resources of the grand jury consist of the following:

"The power to compel the attendance of investigating witnesses; the power to compel the testimony of investigating witnesses under oath; the power to take investigating testimony from witnesses who have been granted immunity; the power to require the production of documents, records and other evidence; the power to obtain the initiation of civil and criminal contempt proceedings; and every investigative power of any grand jury of the Commonwealth." 42 Pa.C.S. §4542. Pursuant to the Commonwealth Attorneys Act, 71 P.S. §732-101, et seq., the attorney general likewise possesses some of the same investigatory power.

On the same day that the office of attorney general filed the notice of submission presently in issue, it also requested and subsequently received, pursuant to 71 P.S. §732-208, Pa.LCB records relevant to the instant matter. Although William I. Arbuckle, Chief Deputy Attorney General of the Organized Crime and Public Corruption Section, could not remember if there were "reluctant witnesses" prior to the submission (Hearing on Omnibus Pretrial Motion (Omnibus Hearing)), the investigating staff of attorney general's office:

"[was] of the opinion that bar owners and bartenders would be reluctant to testify. And we also didn't feel that we could count on agent interviews as a sufficient basis for continuing the investigation. We felt that we needed to have them testify under oath, not only to lock them in, but to give us an opportunity as trial lawyers to evaluate their stories. We also felt that they would be reluctant in the normal interview setting to talk to us and we felt that the Grand Jury would bring out more candor."

Although the attorney general had access to all Pa.LCB books and papers and there was no evidence recalled that any specific witness refused to cooperate with the attorney general's investigation, we are unable to say that one or more of the investigative resources of the grand jury were *not* required in order to adequately investigate this matter. The law enforcement resources of the Office of Attorney General, though sometimes parallel to those of the grand jury, were inadequate to pursue a through investigation of the present matter. The record indicates that the Commonwealth, through the Office of Attorney General, had present, albeit partial, need for the investigative resources of the investigating grand jury. Accordingly, defendant's motion to quash must be denied.

Defendant's third argument, in the nature of a motion to quash, has its basis in allegations that false information was contained in Presentment No. 4 and that the Commonwealth failed to present to the grand jury exculpatory evidence which was in its possession. "Grand juries operate with virtually no evidentiary restrictions; in Pennsylvania, no authority exists specifically limiting the type of evidence which can be received by a grand jury." Judge David N. Savitt, Pennsylvania Grand Jury Practice §39.02 (1983). When faced with the argu-

ment that a rule should be established to permit a defendant to challenge his grand jury indictment on the ground that it is not supported by adequate or competent evidence, the United States Supreme Court held as follows:

"It would run counter to the whole history of the grand jury institution, in which laymen conduct their inquiries unfettered by technical rules. Neither justice nor the concept of a fair trial requires such a change." Costello v. United States, 350 U.S. 359, 364, 76 S.Ct. 406, 409 (1956). In accordance with this authority, defendant's motion to quash based on the type of evidence presented and not presented to the grand jury is hereby denied.

Next, defendant moves to quash Information 1474-B, arguing that the Commonwealth has failed to allege facts which reflect how he "used his office." Although a motion to quash an information may be used to raise defects apparent on the face of an information, it "is neither a guilt determining procedure nor a pre-trial means for determining the sufficiency of the Commonwealth's evidence." Commonwealth v. Moser, 328 Pa. Super. 237, 476 A.2d 980, 981 (1984). The inadequacy, incompetency, or even illegality of the Commonwealth's evidence does not constitute grounds for quashing any information. See Moser, supra; Commonwealth v. Gemelli, 326 Pa. Super. 388, 474 A.2d 294 (1984). It would be error for this court to quash the information based on the alleged inadequacy of the Commonwealth's evidence; therefore, this motion is denied.

Defendant's next motion to quash bills of information 1474-A and 1474-B is based on the allegation that these bills "reflect a violation of 65 P.S. §403(b), not §403(a)." However, the record reveals that Information 1474-B charges defendant with

obstructing administration of law or other governmental function, pursuant to 18 Pa.C.S. §5101; Informations 1474 and 1474-A charge defendant with three violations of the Pennsylvania Ethics Act. As noted above, the charge of Information 1474-A has been nolle prossed and will not be considered by this court.

Section 403(a) of the Pennsylvania Ethics Act appears as follows:

"No public official or public employee shall use his public office or any confidential information received through his holding public office to obtain financial gain other than compensation provided by law for himself, a member of his immediate family, or a business with which he is associated." Information 1474, Count I, alleges that on or about November 29, 1981 through December 2, 1981 . . .

"[T]he accused, while employed as Director of Enforcement for the Pennsylvania Liquor Control Board, accepted free lodging and meals for himself, and friends from the Buck Hill Inn, a Pennsylvania Liquor Control Board licensed establishment." Count II alleges the identical act, but performed on or about November 28, 1982 through November 29, 1982. After careful review of these charges in light of 65 P.S. §403(a), we find that defendant has been properly charged in Information 1474, and his motion to quash on this basis is denied.

At this point, we note that on January 30, 1985 this court received a letter from defense counsel Paul J. Killion, Esq., dated January 29, 1985, wherein it is asserted that the Ethics Act violations charged against defendant are improper based on certain exculpatory evidence released by the office of attorney general. Attached to Mr. Killion's letter was a letter from Robert L. Keuch, Executive Deputy Attorney General, to Michael Kostelansky; this

letter of January 22, 1985 asserts that the office of attorney general has elected not to prosecute Joseph Zabielski, relative to the free meals, lodging, and hunting he received while a member of defendant Hale's hunting party. As per the request of Mr. Killion, both of these letters have been made a part of the record. Considering the contents of the letter from Mr. Keuch to Mr. Kostelansky, our denial above of defendant's motion to quash Information 1474 is proper.

An additional motion to quash is submitted to this court on the basis that defendant is the subject of discriminatory prosecution. Defendant requests that a determination of this issue be reserved until after defendant's trial, in the event of his conviction. As per defendant's request, we acknowledge the raising of the issue but do not address it at this time.

Defendant's final motion to quash alleges that the statutes which set forth the crimes of obstructing administration of law or other governmental function, 18 Pa.C.S. §5101, and violations of the Ethics Act, 65 P.S. §403, are vague on their face and vague as applied to the defendant. We note that penal statutes must be strictly construed. "Strict construction protects against giving a penal law such breadth of application that it is rendered unconstitutionally vague." Commonwealth v. Cluck, 252 Pa.Super. 228, 381 A.2d 472, 477 (1977). A statute is deemed unconstitutional if it is vague as to the person subject to prosecution, the conduct forbidden, or the prospective punishment. See Cluck, supra. After careful review of 18 Pa.C.S. §5101 and 65 P.S. §403, we must conclude that defendant clearly falls within these statutes' proscriptions. Accordingly, this motion to quash is without merit and is denied.

Defendant next moves for additional pretrial discovery. As his omnibus pretrial motion was filed on

November 30, 1984, and defendant's brief fails to argue in behalf of this motion for discovery, we presume that his requests have been answered by the Commonwealth. Likewise, defendant's motion for pretrial conference is moot at this time.

Based on the foregoing reasons, defendant is entitled to partial severance of the charges filed against him. In all other respects, defendant's pretrial motion is denied. An appropriate order will be entered.

### ORDER

Now, this February 4, 1985, it is hereby ordered as follows:

(1) defendant's motion for severance is granted in part;

(2) for trial purposes, the charges of Information 1474 are severed from Information 1474-B;

(3) In all other respects, defendant's pretrial motion is denied.