509 A.2d 1260

In re the FOURTH STATEWIDE INVESTIGATING GRAND JURY.

In the Matter of John Giovanni BALSAMO, Appellant.

Supreme Court of Pennsylvania.

Submitted March 3, 1986.

Decided June 3, 1986.

Robert C. Brady, Washington, for appellant.

LeRoy S. Zimmerman, Atty. Gen., Harrisburg, Robert A. Graci, Sr. Deputy Atty. Gen., Gary M. Mogil, Deputy Atty. Gen., Philadelphia, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDER-MOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

The threshold question to be answered is the method and timeliness of appeal from a finding of civil contempt by the supervising judge of the Fourth Statewide Investigating Grand Jury (created by order dated May 8, 1985).

In March, 1985, Appellant (John Giovanni Balsamo) was convicted of various criminal charges.[1] Appellant was sentenced to no less than 16 and no more than 40 years imprisonment. Appellant filed an appeal of his conviction with the Superior Court, which is still pending.

The Investigating Grand Jury was empaneled on September 23, 1985 and on September 24, 1985, pursuant to subpoena, appellant was called to testify. The Grand Jury wished to obtain any information which appellant had concerning drug distribution in Greene County. Appellant's aforementioned conviction was related to this drug distribution. Appellant asserted his Fifth Amendment right against self-incrimination, and the supervising judge, pursuant to a request from the Appellee (Attorney General) entered an order granting immunity to appellant. Appellant still refused to answer any questions. The supervising judge found appellant in civil contempt of court and on September 24, 1985, entered the following order:

AND NOW, to wit this 24th day of September, 1985, after Hearing, the Court finds John Giovanni Balsamo in contempt of court. He is sentenced to imprisonment at the Greensburg State Facility, or such other facility as may be available, until such time as he purges himself

1. Appellant was convicted of two counts of delivery of a controlled substance, two counts of conspiracy to commit delivery of a controlled substance, one count of criminal solicitation to commit arson, one count of corrupt organizations and one count of conspiracy to commit corrupt organizations.

from contempt by volunteering to answer the questions that relate to the matter under inquiry and is further ordered that said sentence supersede any other sentence that he is now serving.

BY THE COURT:

/s/ George P. Kiester, S.J.

On October 24, 1985, appellant filed a notice of appeal. Appellee filed a motion to quash the appeal on the ground that appellant failed to timely file his appeal. We agree.

This court has exclusive jurisdiction over all orders entered in regard to grand juries.[2] The method of appeal is governed by the rules of appellate procedure.

**Rule 3331. Review of Special Prosecutions or Investigations**

**(a) General rule.** Any of the following orders shall be subject to review pursuant to Chapter 15 (judicial review of governmental determinations):

. . . .

(3) An order entered in connection with the supervision, administration or operation of an investigating grand jury or otherwise directly affecting an investigating grand jury or any investigation conducted by it.

Rule 3331, Pa.R.A.P. Rule 1511, Pa.R.A.P. provides that "[r]eview under this chapter [Chapter 15] shall be obtained by filing a petition for review ... within the time allowed by Rule 1512...." Rule 1512 provides:

**Time for Petitioning for Review**

. . . .

---

**2.** Rule 702(c), Pa.R.A.P., provides, "All petitions for review under Rule 3331 (review of special prosecutions or investigations) *shall* be filed in the Supreme Court." (emphasis supplied) Since the adoption of Rules 702(c) and 3331, Pa.R.A.P., petitions for review from orders of contempt entered concerning grand jury investigations have been filed in this Court. *See, e.g., In re The June Allegheny County Investigating Grand Jury (Petition of Mario E.J. Lanni),* 490 Pa. 143, 415 A.2d 73 (1980); *In re County Investigating Grand Jury of October 18, 1982 (Petition of Raymond Stout),* 501 Pa. 118, 460 A.2d 249 (1983).

**(b) Special provisions.** A petition for review of:

. . . .

(3) A determination governed by Rule 3331 (review of special prosecutions or investigations) shall be filed within ten days after the entry of the order sought to be reviewed.

Rule 1512, Pa.R.A.P.

■ Thus, appellant had ten days from the date of entry of the order to file a petition for review.[3] Since the order of the supervising judge was entered on September 24, 1985 and the notice of appeal was filed on October 24, 1985, it was untimely.[4]

■ Appellant asserts however, that because of the unique circumstances of this case a different result should occur. Appellant argues his notice of appeal was timely filed, by relying on Rule 108(a), Pa.R.A.P. which provides, in part, that the entry date of an order is the day "... the office of the government unit mails or delivers copies of the order to the parties...." Appellant received a copy of the September 24, 1985 order from appellee by letter dated October 28, 1985. Appellant asserts that he had ten days from the date on the letter, or until November 8, 1985, to file an appeal. The facts belie appellant's position. Appellant filed his notice of appeal on October 24, 1985, four days before the date of appellee's letter. It is rather anomalous that appellant would appeal an order he did not think or know was yet "entered" on record.

Rule 108(a) further provides that "[t]he date of entry of an order may be the day of its adoption by the court...."

3. Rule 1503, Pa.R.A.P. allows appellant's erroneously filed notice of appeal to be treated as a petition for review, by providing, "[i]f an appeal is taken from an order of a government unit, ... this alone shall not be a ground for dismissal, but the papers ... shall be regarded and acted upon as a petition for review ... as if filed at the time the improvident matter was commenced."

4. Rule 105, Pa.R.A.P. provides, "the court may *not* enlarge the time for filing ... a petition for review." (emphasis supplied)

The Note to Rule 108 provides, "[t]he purpose of this rule is to fix a date from which the time periods such as those set forth in Rule[s] ... 1512 (time for petitioning for review) ... shall be computed." *Note*, Rule 108, Pa.R.A.P. Appellant and his counsel were present on September 24, 1985 when the contempt finding was made and imprisonment imposed; a written order dated September 24, 1985 embodied the finding; and, the order was obviously effective as of that day. Clearly, September 24, 1985 was the day on which the order was "adopted" by the court and the date governing the beginning of the appeal period.

■ Appellant argues, in the alternative, that he was appealing a civil contempt order only affecting "the Appellant and not the Investigating Grand Jury" and therefore he had thirty days to appeal. Appellant's Answer to Motion to Quash Appeal by Commonwealth, p. 1. Appellant is in error. Rule 3331 clearly governs appeals from a finding of civil contempt. The Note to Rule 3331 provides, in pertinent part, "This rule is intended to provide a simple and expeditious method for Supreme Court supervision of special prosecutions and investigations, *e.g.* orders of the supervising judge of an investigating grand jury, *findings of contempt (whether civil or criminal)....*" *Note*, Rule 3331, Pa.R.A.P. (emphasis supplied); *see also*, footnote 2, *supra*.

Because we find the appeal, treated as a petition for review, to have been untimely filed, we do not address appellant's argument, for which no authority was cited, that the sentence imposed on him, which sentence superceded the sentence which was being served by him, was cruel and unusual punishment.

The motion to quash the appeal is granted.

ZAPPALA, J., concurred in the result.