2015 PA Super 230

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT DA-JUAN GAINES, | : | |
| | : | |
| Appellant | : | No. 1497 MDA 2013 |

Appeal from the PCRA Order July 15, 2013,
Court of Common Pleas, Franklin County,
Criminal Division at No. CP-28-CR-0001303-2009

BEFORE: GANTMAN, P.J., BENDER, P.J.E., PANELLA, DONOHUE, SHOGAN,
ALLEN, LAZARUS, MUNDY and STABILE, JJ.

CONCURRING OPINION BY DONOHUE, J.:          **FILED NOVEMBER 05, 2015**

I agree that this appeal is untimely and concur with the decision to quash, but for different reasons. The Majority conducts its review from the premise that the petition Gaines filed on May 21, 2013 was an amended PCRA petition. In my view, Gaines' May 21, 2013 filing was an untimely second PCRA petition rather than an amendment to his first PCRA petition. Thus, the issue of whether a PCRA order is final when entered or following the completion of further action ordered by the PCRA court is not properly before this Court.

The relevant timeline is as follows. Gaines' judgment of sentence became final on September 15, 2011. On September 14, 2012, Gaines filed his first PCRA petition. A hearing on the PCRA claims was scheduled for April 11, 2013, and after convening on that date, the PCRA court entered an order

granting resentencing. On May 1, 2013, as the parties awaited resentencing, Gaines filed a petition seeking permission to amend his PCRA petition. The trial court granted this petition and on May 21, 2013, Gaines filed what he called an "amended PCRA petition," raising claims of ineffective assistance of counsel. The PCRA court denied this "amended petition" on July 15, 2013. On July 17, 2013, the trial court resentenced Gaines. On August 19, 2013, Gaines filed his appeal from the July 15, 2013 order denying his "amended" PCRA petition.

As stated above, my departure from the Majority's view stems from its characterization of the petition Gaines filed on May 21, 2013 as an amended PCRA petition. When the parties convened for the hearing on Gaines' first PCRA petition, no hearing occurred; rather, the parties entered into a stipulation that Gaines' prior record score was incorrectly calculated at the time of his sentencing. PCRA Court Order, 4/11/13, ¶ 2. Based upon this stipulation, the PCRA court ordered that Gaines be resentenced and set the resentencing for May 22, 2013. *Id.* ¶ 7. The PCRA court took no further action on Gaines' remaining claims (all of which asserted ineffective assistance of counsel) based upon Gaines' stated intention to withdraw these claims in light of the Commonwealth's agreement regarding his prior record score. *Id.* ¶ 4. Accordingly, I conclude that the PCRA court granted relief as to one of Gaines' claims and Gaines withdrew the remaining claims, thereby fully disposing of his PCRA petition. This conclusion is buttressed by the fact

that the PCRA court ordered and scheduled Gaines' resentencing during this proceeding even though, in his PCRA petition, Gaines sought a new trial based upon his allegations of ineffective assistance of counsel. PCRA Petition, 9/14/12, ¶ 9. Why would the PCRA court grant resentencing if claims were still pending that could result in the grant of a new trial? The only logical interpretation of the events that transpired and the order memorializing those events is that all claims were disposed of at the conclusion of this proceeding: the requested resentencing was granted and the remaining claims were withdrawn. While the PCRA court recognized that Gaines might seek to raise additional claims based on new information, PCRA Court Order, 4/11/13, ¶ 5, when Gaines subsequently filed a petition seeking permission to amend his PCRA petition, there was no pending PCRA petition to amend.

The Majority takes the position that the PCRA court granted Gaines permission to amend his PCRA petition in its April 12, 2013 order. Maj. Op. at 3 n.3. With due respect, the record does support this conclusion. The PCRA court stated merely that Gaines' counsel "has alerted [it] to additional information that he has recently learned which **may** require him to amend [Gaines'] PCRA petition" and then ordered that Gaines remain in the local jail so that they could confer. PCRA Court Order, 4/11/13, ¶ 5 (emphasis added). This statement memorializes Gaines' counsel's intention to investigate whether a new source of information could give rise to additional

claims, not an affirmative intention to raise additional claims or the grant of permission to raise such claims. Obviously, Gaines did not understand that he was granted permission to amend the PCRA petition since he affirmatively sought that precise relief when he filed a petition seeking permission to amend on May 21, 2013.

Critically, at the time of the hearing on his first PCRA petition, the period for Gaines to file a timely PCRA petition had run.[1] The PCRA expressly provides a mechanism for raising additional claims based upon new information discovered after the expiration of the one year time limit. *See* 42 Pa.C.S.A. § 9545(b)(1). Holding open a timely PCRA petition that has been fully adjudicated for the belated assertion of new claims runs afoul of the PCRA's jurisdictional time bar, which must be strictly construed. *E.g. Commonwealth v. Fahy*, 589, 959 A.2d 312, 315 (Pa. 2008) (holding PCRA time limits are jurisdictional in nature and must be strictly construed). While the PCRA court failed to recognize the timeliness issue (as evidenced by its reference to the potential filing of an "amended PCRA petition", PCRA Court Order, 4/12/13, ¶5), the record on appeal illuminates the defect.

---

[1] Gaines' judgment of sentence became final on September 15, 2011. Accordingly, he had until September 15, 2012 to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1) ("Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final … ."). This second PCRA petition was filed on May 21, 2013, more than eight months late. While there are exceptions to the PCRA's statutory time bar, *see id.*, Gaines did not plead, much less prove, any of these exceptions in his second PCRA petition. *See* PCRA Petition, 5/21/13.

- 4 -

For these reasons, I conclude that the petition that Gaines filed on May 21, 2013 was a second, untimely PCRA petition rather than an amendment to his first PCRA petition. As a separate, second PCRA petition, the PCRA court's disposition of it was completely unrelated to its disposition of Gaines' first PCRA petition (which awarded the resentencing) and the subsequent resentencing. In order words, the order denying Gaines' second PCRA petition, which is the order under review in this appeal, is entirely unconnected to Gaines' resentencing. There is no need to consider, as the Majority does, whether resentencing must occur before the PCRA order granting resentencing is deemed final and appealable. ***See*** Maj. Op. at 5-10. The issue simply is not implicated under the facts of this case.

Nonetheless, I conclude, as does the Majority, that Gaines failed to timely file his notice of appeal. The PCRA court entered the order denying Gaines' second PCRA petition on July 15, 2013 and mailed it to Gaines on July 17, 2013. As the Majority correctly explains, the period of time for Gaines to file an appeal began on the date the order was mailed, July 17, 2013. Pa.R.A.P. 108(a)(1); ***see also In re Fourth Statewide Investigating Grand Jury***, 509 A.2d 1260, 1261 (Pa. 1986) (noting that generally that the entry date of an order is the day "the office of the government unit mails or delivers copies of the order to the parties"). Gaines was therefore required to file his appeal by August 16, 2013, but he

did not. Accordingly, I agree that this appeal should be quashed as untimely.[2]

Stabile, J. joins this Concurring Opinion.

---

[2] I note that because the second petition was untimely, even if Gaines had filed his appeal within thirty days of the order denying it, this Court would be without jurisdiction to decide the merits thereof. **Commonwealth v. Hernandez**, 79 A.3d 649, 654-55 (Pa. Super. 2013). Likewise, the PCRA court was without jurisdiction to decide the merits of the untimely second PCRA petition. **Id.** at 654.