CONCURRING OPINION BY
DONOHUE, J.:
I agree that this appeal is untimely and concur with the decision to quash, but for different reasons. The Majority Conducts its review from the premise that the petition Gaines filed on May 21, 2013 was an amended PCRA petition. In nay view, Gaines’ May 21, 2013 filing was an untimely second PCRA petition rather than an amendment to his first PCRA petition. Thus, the issue of whether a PCRA order is final when entered or following the completion of further action ordered by the PCRA court is not properly before this Court.
The relevant timeline is as follows. Games’ judgment of sentence became final on September 15, 2011. On September 14, 2012, Gaines filed his first PCRÁ petition. A hearing on the PCRA claims was scheduled for April 11, 2013, and after convening on that date, the PCRA court entered an order granting resentencing. On May 1, 2013, as the parties awaited resentenc-ing, Gaines filed a petition seeking permission to amend his PCRA petition. The trial court granted this-'petition and on May 21, 2013, Gaines filed what he called an- “amended PCRA petition,” raising claims of ineffective assistance of counsel. The PCRA court denied this “amended petition” oh July 15, 2013. On July 17, 2013, the trial court resentenced Gaines. On August 19, 2013, Gaines filed his appeal from the July 15, 2013 order denying his “amended” PCRA petition.
As stated above, my departure from the Majority’s view stems from its characterization of the petition Gaines filed on May 21, 2013 as an amended PCRA petition. When the parties convened for the hearing on Gaines’ first PCRA petition, no hearing occurred; rather, the parties entered into a .stipulation that Gaines’ prior record score was incorrectly calculated at the time of his sentencing. PCRA Court Order, 4/11/13, ¶2. Based upon this stipulation, the PCRA court ordered that Gaines be resentenced, and set the resentencing for Mky 22, 2013. Id, ¶ 7. The PCRA court took no' further action on Gaines’ remaining claims (all of which asserted ineffective assistance of counsel) based upon Gaines’ stated intention to withdraw these claims „ in light of the Commonwealth’s agreement regarding his prior record score. Id ¶ 4. Accordingly, I conclude that the PCRA court granted relief as to one of Gaines’ claims and Gaines withdrew the remaining claims, thereby fully disposing of his PCRA petition. This conclusion' is buttressed by the fact that the PCRA court .ordered and scheduled Gaines’ resentencing during this proceeding even though, in his PCRA petition, Gaines sought a new trial based upon his allegations pf ineffective assistance of counsel. PCRA Petition, 9/14/12, ¶ 9. Why would the PCRA court grant resentencing if claims were still pending that could re- *21 suit in the grant of a new trial? The only-logical interpretation of the events that transpired and the order memorializing those events is that all claims were disposed of. at the conclusion of this proceeding: the requested resentencing Was granted and the remaining claims were withdrawn. While the PCRA court recognized that Gaines might seek to raise additional claims based on new information, PCRA Court Order, 4/11/13, ¶5, when Gaines subsequently filed a petition seeking permission to amend his PCRA petition, there was no pending PCRA petition to amend.
The Majority takes the position that the PCRA court granted Gaines permission, to amend his PCRA petition in its April 12, 2013 order. Maj. Op. at 16 n. 3. With due respect, the record does not support this conclusion. The PCRA court stated merely that Gaines’ counsel “has alerted [it] to additional information that he has recently learned which may require him to amend [Gaines’] PCRA petition” and then ordered that Gaines remain in the local jail so that they could confer. PCRA Court Order, 4/11/13, ¶ 5 (emphasis added). This statement memorializes Gaines’ counsel’s intention to investigate whether a new source of information could give rise to additional claims, not an affirmative intention to raise additional claims or the grant of permission to raise such claims. Obviously, Gaines did not understand that he was granted permission to amend the PCRA petition since he affirmatively sought that precise relief when he filed a petition seeking permission to amend on May 21, 2013.
Critically, at the time of the hearing on his first PCRA petition, the period for Gaines to file a timely PCRA petition had run.[1] The .PCRA expressly provides a mechanism for raising additional claims based upon new information discovered after the expiration of the one year time limit. See. 42 Pa.C.S.A. §. 9545(b)(1). Holding open a timely PCRA petition that has been fully adjudicated for the belated assertion of new claims runs afoul of the PCRA’s jurisdictional time bar, which must be strictly construed. E.g. Commonwealth v. Fahy, 598 Pa. 584, 959 A.2d 312, 315 (2008) (holding PCRA time limits are jurisdictional in nature and must be strictly .construed). While the PCRA court failed to recognize the timeliness, issue (as evidenced by its reference to the potential filing óf an “amended PCRA petition”, PCRA Court Order, 4/12/13, ¶ 5), the record on appeal illuminates the defect.
For these reasons, I conclude that the petition that Gaines filed on May 21, 2013 was a second, untimely PCRA petition rather than an amendment to his first PCRA petition. As a separate, second PCRA petition, the PCRA court’s disposition of it was completely unrelated to its disposition of Gaines’ first PCRA petition (which awarded the resentencing) and the subsequent resentencing. In order words, the order denying Gaines’ second PCRA petition, which is the order under-review in this appeal, is' entirely unconnected to Gaines’ resentencing. There is no need to consider, as the Majority does, whether resentencing must occur before the PCRA order granting resentencing is deemed final and appealable. See Maj. Op. at 17-19. *22 The issue simply is not implicated under the facts of this case.
Nonetheless, I conclude, as does the Majority, that Gaines failed to timely file his notice of appeal. The PCRA court entered the order denying Gaines’ second PCRA petition on July 15, 2013 and mailed it to Gaines on July 17, 2013. As the Majority correctly explains, the period of time for Gaines to'file an appeal began on the date the order was mailed, July 17, 2013. Pa.R.A.P. 108(a)(1); see also In re Fourth Statewide Investigating Grand Jury, 510 Pa. 496, 509 A.2d 1260, 1261 (1986) (noting that generally that the entry date of an order is the day “the office of the government unit mails or delivers copies of the order to the partiés”). Gaines was therefore required to file his appeal by August 16, 2013, but he did not. Accordingly, I agree that this appeal should be quashed as untimely.[2]
STABILE, J. joins this Concurring Opinion.

. Gaines’ judgment of sentence became final on September 15, 2011. Accordingly, he had until September 15, 2012‘to file a timely PCRA petition. See 42 Pa.C.S.A. § 9545(b)(1) ("Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final_”). This second PCRA petition was -filed on May 21, 2013, more than eight months late. While there are exceptions to the PCRA’s statutory time bar, see id., Gaines did not plead, much less prove, any of these excéptions-iri his second PCRA petition. See PCRA Petition, 5/21/13.

. I note that because the second petition was untimely, even if Gaines had filed his appeal within thirty days of the order denying it, this Court would be without jurisdiction to decide the merits thereof. Commonwealth v. Hernandez, 79 A.3d 649, 654-55. (Pa.Super.2013). Likewise, the PCRA court was without jurisdiction to decide the merits of the untimely second PCRA petition. Id. at 654.