## Crucible Steel Company of America *v.*
## Skwarko, et al.

Argued May 10, 1973, before Judges KRAMER, MEN-CER and BLATT, sitting as a panel of three.

*John T. Tierney, III*, with him *Jack Meyerson* and *Reed, Smith, Shaw & McClay*, for appellant.

*James C. Evans*, for appellee.

OPINION BY JUDGE KRAMER, June 19, 1973:

This is an appeal by Crucible Steel Company of America (Crucible) from an adjudication of the Workmen's Compensation Appeal Board (Board) awarding to Steve Skwarko (Skwarko) workmen's compensation benefits from March 1, 1968 and for an indefinite period, until such time as Skwarko's total disability ceases to exist.

The pertinent facts are that on March 28, 1963, Skwarko sustained an injury to his back in the regular course of his employment with Crucible. As a result of this accident, Skwarko and Crucible entered into a compensation agreement dated September 6, 1963. This agreement was designated "Department Accident and Agreement No. 7,605,496." The agreement provides a description of the nature of the injury as: "Wrenched back while handling heavy steel." It also noted that Skwarko received his full wages during the period of disability and, therefore, the compensation rate of $47.50 per week was included in the $96.46, weekly wages, he was paid.

On March 31, 1964, the parties entered into a supplemental agreement, bearing the same departmental number noted above, whereby it was agreed that the disability of Skwarko changed on August 5, 1963, on which date he returned to work for Crucible. This first supplemental agreement provided that further compensation payment to Skwarko was "supended." There

was no mention in this first supplemental agreement of any termination of compensation rights. It was filed and approved by the "Bureau of Workmen's Compensation."

The Board found, and the record adequately supports, that Skwarko returned to his full-time physical, manual labor whereby Skwarko was called upon to move, shift, lift and manipulate very heavy pieces of equipment and material. The condition of Skwarko's back following the 1963 injury so improved that sometime during the year 1965 he even discarded a back brace, and thereafter continued in his regular course of employment until February 8, 1968, on which date he reinjured his back.[1] On that date, Skwarko was assigned (along with another employe) the duty of moving "titanium electrodes" weighing between 500 and 800 pounds each from a forklift onto a flat bed truck. Skwarko's description of what transpired is perhaps the best description. It reads on the record as follows: "From the forklift to the truck bed. I had gotten this end and moved it and walked over to the other end to lift it up and sort of give it a twist, and it just felt like somebody was ripping me apart inside. And I just collapsed." He immediately reported his injury to the general office secretary of Crucible, who together with other agents of Crucible directed him to a Mr. Foster, who in turn directed Skwarko to Dr. Temeles, a company physician. Dr. Temeles examined Skwarko on March 9, 1968.

As a result of these developments, a second supplemental agreement was entered into between the parties

---

[1] At two places in the record, counsel for Skwarko mistakenly referred to the year 1969 as the year in which this latter injury occurred. It is obvious to the Court that this is an error in the record. As happens all too often, counsel did not make note of this error, nor did he follow the proper procedure to correct the record.

also bearing the same departmental number. It is dated March 11, 1968. This agreement stated that Skwarko's status of disability changed on March 1, 1968 as follows: "Employe is again disabled due to accident 3/20/63." It was agreed that Skwarko was entitled to compensation benefits at the rate of $47.50 per week from March 1, 1968. Crucible commenced paying these benefits under this second supplemental agreement.

It should be noted here that in both supplemental agreements there is a provision that the agreed benefits should "continue at said rate until terminated by further supplemental agreement, order of the Workmen's Compensation Board or referee, or by final receipt."

The record conclusively supports the Board findings that Skwarko became totally disabled as of at least March 1, 1968, and that said disability existed through the time of the hearings in this matter. The record shows that Skwarko underwent a surgical operation known as a laminectomy L4-5 with discectomy, under a diagnosis of a herniated nucleus polposis L4-5. Crucible paid all of Skwarko's medical, hospital and surgical bills.

On October 27, 1969, Crucible filed a petition for termination of its compensation agreement (still bearing the same departmental number), based upon the allegation that Skwarko was no longer totally or partly disabled, and based upon a report of another physician retained by Crucible that Skwarko's injury to his back had completely healed. Although Crucible's petition refers to the injury occurring on "March 28, 1963," it must be presumed that the petition addresses itself to the second supplemental agreement dated March 11, 1968, wherein the date of the accident was noted as "3/20/63." The careless manner with which both parties describe the dates on which the two injuries occurred makes this case difficult for this Court, as it

did for the Board. A careful reading of the record, however, does disclose that the dates chosen by the Board in its findings and conclusions are substantially correct. Skwarko filed an answer to the petition to terminate denying that his disability had ceased, and alleging that his total disability still persisted.

The complications in the procedural aspects of this case do not end here, however. On February 12, 1970, just eight days after the first hearing in this matter, Crucible through its counsel, sent a letter to the referee making a motion to amend its petition to terminate so as to include a petition to set aside the agreement. There was no explanation given for the basis for such amendment. Later, at the fourth set of hearings held October 26, 1971, counsel for Skwarko sought to amend the second supplemental agreement so as to include the second injury to Skwarko's back on February 8, 1968.[2]

As stated hereinbefore, the referee granted an award to Skwarko for total disability beginning March 1, 1968, at the rate of $60.00 per week. The amount was obviously increased because of the mandatory provision found in Section 306(a) of the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §511. In his adjudication, the referee did not discuss his ruling on Skwarko's motion to amend the second supplemental agreement so as to reflect the disability caused by the second injury which occurred in 1968. It is obvious, as the Board noted, that the referee in fact did grant that motion by virtue of the wording of his adjudication. On appeal to the Board, the Board affirmed the adjudication of the referee although it did correct the finding of the referee so as to reflect the February 8, 1968 date as disclosed

---

[2] The record indicates that this was another place where counsel stated the year as 1969, rather than the incident's correct date in 1968.

by the record.[3]  The Board also properly corrected an error in the award of the referee concerning a $60.00 medical bill of Skwarko's expert medical witness for the reason that the record did not disclose any support whatsoever for such a bill.  The Board concluded that Crucible had failed to prove that Skwarko's disability had ceased, decreased or changed, and that therefore, Crucible was not entitled to the termination of the second supplemental agreement.

Crucible contends in this appeal that the Board's awarding of compensation for the injury sustained in 1968 is illegal, because Skwarko could not assert a new compensation claim for a new injury under a supplemental agreement arising out of a prior injury.  Crucible also attempts to argue that the second injury did not result from an accident in the course of Skwarko's employment.

This case having been instituted by a petition to terminate, the burden was upon Crucible to prove that Skwarko's disability had ceased, decreased or changed. *See Desiderio v. Penn Fruit Company, Inc.*, 207 Pa. Superior Ct. 468, 218 A. 2d 602 (1966) ; *Verna v. Stabler*, 204 Pa. Superior Ct. 87, 203 A. 2d 578 (1964).

There are two ways a worker can obtain workmen's compensation benefits under the law of this Commonwealth.  Either he enters into a compensation agreement with his employer, under the provisions of Section 407 of the Act, 77 P.S. §731, or upon failing to enter into such an agreement, he may file a claim for

---

[3] Authority for the Board amending the second supplemental agreement is found at Section 413 of the Act, 77 P.S. §771, where it is stated: "The board, or a referee designated by the board, may, at any time, review and modify or set aside *an original or supplemental agreement,* upon petition filed by either party with the board *or in the course of the proceedings* under any petition pending before such board or referee, if it be proved that such agreement was in any material respect incorrect." (Emphasis added.)

compensation with the Board under Section 410 of the Act, 77 P.S. §751. In this case, the parties chose the former method. No one raises any question concerning compensation benefits for the 1963 injury of Skwarko. The problem arose in this case when Crucible's agents, servants or employes (on a form provided by the Department of Labor and Industry, Bureau of Workmen's Compensation, overprinted with Crucible's name and address) prepared a supplemental agreement form rather than an original compensation agreement form. The record clearly discloses that if there was any error or mistake made concerning the use of an improper form, that error was made by Crucible. The record discloses that Skwarko received the form in the mail. He read it, signed it, and returned it. Thereafter, Crucible filed the form with the Bureau of Workmen's Compensation.

Crucible would now have us declare that Skwarko lost all of his compensation rights because Skwarko did not file a claim for compensation for a new injury occurring in 1968. The Workmen's Compensation laws in this Commonwealth were written for the benefit and protection of the workers and should be liberally construed. *See Nemitz v. Air Services International,* 7 Pa. Commonwealth Ct. 373, 298 A. 2d 654 (1972) ; *Sims v. American Can Company,* 6 Pa. Commonwealth Ct. 423, 296 A. 2d 290 (1972). Our courts have seen to it that justice is done where a worker is entitled to compensation. For example, in *Guzik v. Laurel Ridge Construction Company,* 196 Pa. Superior Ct. 586, 176 A. 2d 183 (1962), the court permitted the Board to consider a petition filed under a wrong section of the Act to be considered as though filed under the proper section of the Act. *See also Iwaskewycz v. United States Steel Corporation,* 7 Pa. Commonwealth Ct. 211, 298 A. 2d 62

(1972) ; *Blackburn v. Pennsylvania Turnpike Commission*, 206 Pa. Superior Ct. 222, 213 A. 2d 159 (1965).

Under the facts of this case, Skwarko immediately notified his employer of his injury, and it was the employer who followed through with the second supplemental compensation agreement under which Crucible thereafter paid the benefits without question, even after it filed its petition to terminate (i.e., until the time of the second hearing in this matter when it sought to amend its petition).

Crucible would have us read into this record that Skwarko is receiving Workmen's Compensation benefits for a new injury, under a compensation agreement for an old injury, for which he only made claim after the running of the statute of limitations (i.e., October 26, 1971). That contention is just not supported by the record in this case. Here Skwarko immediately informed his employer of his later injuries in 1968. Thereafter, it was Crucible's agents who prepared the document noted herein as the second supplemental agreement. We repeat, if there was an error made, it was made by Crucible and not by Skwarko. Under the facts of this case, we cannot permit Crucible to reap the benefit of any such apparent error on its part to the detriment of Skwarko. This record supports the proposition that Crucible treated the second supplemental agreement as an original compensation agreement from the very moment it was prepared until a few days before the second hearing in this case. To uphold Crucible's contention would be to defeat the legislative purpose of the Act.

When a compensation agreement is prepared and executed by the employer, certain presumptions result. As was noted in *Fehr v. YMCA, Pottsville*, 201 Pa. Superior Ct. 107, 192 A. 2d 143 (1963) : "It can certainly be assumed that after the accident and prior to the

execution of the agreement prepared by the insurance carrier, representatives of that carrier had made an investigation of the accident and had interviewed the claimant, her doctor, and any witnesses to the accident. The compensation agreement amounts to a formal admission by the employer and the insurance carrier of the claimant's employment; the happening of the accident; and the nature of the injuries resulting from the accident on the date stated while in that employment; and the total disability as a result of those injuries." 201 Pa. Superior Ct. at 112, 192 A. 2d at 146. Although here Crucible is self-insured, certainly all of these presumptions attach. After entering into the second supplemental agreement, Crucible would now have us determine that Skwarko was not even injured in the course of his employment. How Crucible expects this Court to ignore its own admission of liability, as indicated by the second supplemental agreement, remains a mystery. Crucible would have us hold that the Board was restricted to its petition to terminate, based upon the 1963 injury, in spite of the fact, as the record conclusively discloses, that the second supplemental agreement was prepared as a result of the 1968 injury.

Based upon the above discussion, we affirm the Board, and therefore

### Order

And Now, this 19th day of June, 1973, it is hereby ordered that judgment be entered in favor of Steve Skwarko and against Crucible Steel Company of America for compensation for total disability at the rate of $60 per week, commencing on March 1, 1968 and continuing for an indefinite period into the future until such time as the disability of the claimant ceases or changes in character and extent, all within the terms and limits of the Pennsylvania Workmen's Compensation Act, including legal interest on deferred install-

ments, and the petition of Crucible Steel Company of America to terminate compensation is denied and its appeal dismissed.

