379 A.2d 109

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, of the Commonwealth of Pennsylvania,**

v.

**Donald E. JOLLIFFE, Appellant.**

Supreme Court of Pennsylvania.

Argued March 8, 1977.
Decided Oct. 28, 1977.

Daniel P. McDyer, Neighborhood Legal Services, Pittsburgh, for appellant.

Sydney Reuben, Asst. Atty. Gen., Charles G. Hasson, Harrisburg, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

POMEROY, Justice.

The issue before us is whether an appeal from an order of the Unemployment Compensation Board of Review is perfected as of the date of mailing of a notice of appeal or on the date the notice is received and docketed in the office

of the Prothonotary of the proper appellate court, now the Commonwealth Court. The appellant in the case at bar mailed his appeal, properly addressed, five days before the appeal deadline [1] but because of a delay in the mails, the missive was not received until a day after the deadline had passed. The Commonwealth Court dismissed the appeal as untimely; this Court granted allocatur, and we now reverse.

Section 510 of the Unemployment Compensation Act provides:

"An appeal to the Superior Court [2] may be taken by the department or by any party claiming to be aggrieved . . . . Every appeal to the Superior Court must be taken within thirty days after the decision of the referee or board becomes final." Act of December 5, 1936, Second Ex.Sess. P.L. 2897 (1937), 43 P.S. § 830.

It is clear that this Act is remedial in nature and "its benefits and objectives shall not be frittered away by slavish adherence to technical and artificial rules." *Baigis Unemployment Compensation Case*, 160 Pa.Super. 379, 51 A.2d 518 (1947). See also *Lattanzio v. Unemployment Compensation Board of Review*, 461 Pa. 392, 336 A.2d 595 (1975); *Wedner v. Unemployment Compensation Board of Review*, 449 Pa. 460, 296 A.2d 792 (1972); *Klima Unemployment Compensation Case*, 205 Pa.Super. 489, 211 A.2d 23 (1965); *Harman Unemployment Compensation Case*, 204 Pa.Super. 196, 203 A.2d 378 (1964).[3] To interpret the statutory word "taken" in

1. Appellant is a resident of Pittsburgh. The Prothonotary of the Commonwealth Court, in whose office the appeal must be docketed, is located in Harrisburg.

2. Section 508 of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, No. 223, 17 P.S. § 211.508(e) transferred jurisdiction of these appeals to the Commonwealth Court.

3. Appellee relies heavily on the case of *Erie Development Authority v. Pulakos*, 439 Pa. 157, 267 A.2d 873 (1970) where this Court held that the date on which the appropriate forms were docketed in the Prothonotary's office (as opposed to the date of mailing) was the determinative day as to when the appeal was filed. The *Erie* case, however, was concerned with the Eminent Domain Code (Act of June 22, 1964, Spec.Sess., P.L. 84, Art. V, § 523, 26 P.S. § 1–523) the provisions of which are to be *strictly* construed. *See* the Act of

Section 830, *supra,* as precluding *mailing* of the appropriate forms within the appeal period of the Unemployment Compensation Act would needlessly penalize the appellant for the tardiness of the mail service as well as frustrate the objective of the Act to ensure against "unemployment and the spread of indigency."[4]   Accordingly, we should permit the present appeal to proceed as though timely filed.[5]

November 25, 1970, P.L. 707, No. 230, added 1972, December 6, P.L. 1339, No. 290, § 3, immediately effective; *In re 203.76 Acres of Land in Franklin Township, Beaver County,* 431 Pa. 306, 245 A.2d 451 (1968).  Because the Unemployment Compensation Law is generally afforded a *liberal* construction (see text, *supra* ), we do not feel bound by the statutory construction employed in the *Erie* case.

**4.**  *See* Act of December 5, 1936, Second Ex.Sess., P.L. 2897 (1937), 43 P.S. § 752.

In this regard, see *General v. E. Roseman Company,* 461 Pa. 284, 287, 336 A.2d 287, 289 (1975) where we held an appeal under the Workmen's Compensation Act was perfected as of the mailing date. We stated:

"Section 427 says nothing about *filing* an appeal.  Rather, it speaks of an appeal being *brought* and the time for *taking* an appeal.  In Fritsch v. Pennsylvania Golf Club, 355 Pa. 384, 50 A.2d 207 (1947), we noted 'the Workmen's Compensation Act must be considered as an entirety;  each section thereof must be read and construed in conjunction with the others, not as a separate law unto itself.  The Act is remedial, and should receive a liberal construction.'  See Patter v. Superior Steel Co., 263 Pa. 244, 106 A.2d 202 (1919); Crucible Steel Co. of America v. Workmen's Compensation Appeal Board, 9 Pa.Cmwlth. 269, 306 A.2d 395 (1973)."

The Court went on to hold that determining when an appeal had been "brought" or "taken" involved considering Section 427 of the Workmen's Compensation Act in its statutory context.  That context, admittedly, is different from that found in the Unemployment Compensation Act.

**5.**  43 P.S. § 830 of the Unemployment Compensation Act (see text, *supra* ) has been suspended by Rule 5105(d) of the Rules of Appellate Procedure, which became effective after the instant appeal was taken.  The time of the filing of an appeal to the Commonwealth Court is now governed by the Rules of Appellate Procedure, Rules 1511 *et seq.*  Rule 1514(a) provides in part:

"(a) Filing with the prothonotary.  The petition for review, with proof of service required by Subdivision (c) of this rule, shall be filed with the prothonotary of the appellate court.  If the petition for review is transmitted to the prothonotary by means of first class mail, the petition shall be deemed received by the prothonotary for the purposes of Rule 121(a) (filing) on the date deposited in the United States mail, as shown on a U.S. Postal Service Form 3817 certificate of mailing enclosed with the petition (see 39 C.F.R.

The Order of the Commonwealth Court is vacated and the case remanded to that court for further proceedings.

§ 165.1 et seq.). The certificate of mailing shall show the docket number of the matter in the government unit. Upon actual receipt of the petition for review the prothonotary shall immediately stamp it with the date of actual receipt. That date, or the date of earlier deposit in the United States mail as prescribed in this subdivision, shall constitute the date when review was sought, which date shall be shown on the docket."

Thus it is clear that had the present appeal been initiated after July 1, 1976, the effective date of the appellate rules, it would have been timely. We perceive no reason why a contrary result should be occasioned by the sequence of events in the instant case.