City of Reading: Karen A. Miller, and The Police Pension Fund Board of the City of Reading, Appellants *v.* Mary Mae Templin et al., Appellees.

Argued January 30, 1985, before President Judge CRUMLISH, JR. and Judges ROGERS, CRAIG, MACPHAIL, DOYLE, COLINS and PALLADINO.

*William M. Young, Jr.,* with him, *Francis B. Haas, Jr., McNees, Wallace & Nurick,* and *Jack A. Linton* and *Peter F. Cianci,* City Solicitor's Office, for appellants.

*Susan E. B. Frankowski,* with her, *Leon Ehrlich* and *Robert T. Miller, Stevens & Lee,* for appellees.

OPINION BY JUDGE MACPHAIL, March 19, 1985:

The City of Reading (City) appeals[1] from an order of the Court of Common Pleas of Berks County which granted summary judgment to various plaintiffs[2] in

---

[1] Additional appellants are Karen A. Miller, mayor of the City, and The Police Pension Fund Board of the City. We will refer to the appellants collectively as the "City."

[2] Plaintiffs in the trial court, here referred to as "Appellees," included the named plaintiffs Mary Mae Templin, Mary C. Althouse, Elizabeth V. Wade and Eva L. Dorsey, as well as other class members who were survivors of City police officers.

a class action in mandamus regarding their entitlement to pension benefits from the City.

Presently before us in addition to the merits of the City's appeal are Appellees' motion to quash[3] and application for relief.

Appellees argue that the trial court's order is interlocutory and may not be appealed, *see* Section 5105 of the Judicial Code, *as amended,* 42 Pa. C. S. §5105, because the order grants partial summary judgment only. Appellees direct our attention to the matters of counsel fees, costs and punitive damages which were not addressed in the trial court's order. The City argues that the trial court did not designate its order as one granting partial summary judgment, characterizing the case in its then posture as ready for decision. We must look, therefore, at the record before us to determine whether the order appealed from was a final order.

Appellees, plaintiffs in the trial court, brought the instant action in mandamus seeking in their prayers for relief in the various counts of the complaint that the trial court 1) order the City to calculate the amount of pension benefits due and payable, together with interest, to the named plaintiffs and the remainder of the class, 2) order the City to continue payments of

---

[3] This Court by order dated October 2, 1984, denied Appellees' motion to quash; subsequently, on November 2, 1984, Appellees' application for reargument in the nature of an application for reconsideration was granted.

We note that it has been the practice of this Court that decisions on pre-argument motions become the law of the case. *Vitale v. Zoning Hearing Board of Upper Darby Township,* 63 Pa. Commonwealth Ct. 604, 438 A.2d 1016 (1982). This practice, however, does not divest this Court of discretion to grant a specific motion for reargument, such as that in the instant case seeking reconsideration of denial of a preargument motion. Having granted reargument, we are not bound by our previous determination.

the benefits under the relevant ordinances and any future amendments and 3) award plaintiffs counsel fees, costs, punitive damages and such other relief as the court deemed proper.

Subsequently, the parties entered into a written stipulation of facts which stated in pertinent part:

   4. In this Class Action plaintiffs allege, they and all the persons certified in the Class are entitled to pension benefits pursuant to the terms of the Ordinances identified at Paragraph 3 above. The remedy sought by the Class is payment of benefits not received by them in the past and benefit payments to the date of their demise or remarriage.

   . . . .

   7. Plaintiffs (sic) action also seeks an Order requiring Defendants [to] pay or cause to be paid plaintiffs' reasonable attorneys' fees, punitive damages, and such other relief as the Court deems just and proper.

In their motion for summary judgment Appellees, then plaintiffs, sought summary judgment in their favor "regarding their entitlement to pension benefits pursuant to the provisions contained in the City of Reading's Police Pension Ordinances." The trial court's order of June 7, 1984, from which the City appealed here, denied the motion for summary judgment as to certain members of the class and granted it as to others. The trial court found that some members of the class were entitled to pension benefits on the basis of its interpretation of the ordinances in question. The trial court did not calculate the amount of benefits due the survivors other than to state it as a percentage of the benefits due the spouses who were employed by the City. The trial court did not order the City to

calculate these benefits, nor did the court order that payments be made. The trial court did not address the other items of relief sought by Appellees. We will not let the fact that the motion was not designated a motion for partial summary judgment outweigh the substance of the proceedings. The order appealed from is interlocutory because it fails to address the remaining issues raised by Appellees' complaint. The order entered by the trial court could not be the subject of a writ of execution, nor would Appellees be able to enforce the order without another action in mandamus. In short, the order now before us resolves the only issue presented to the trial court by the motion for summary judgment but leaves undetermined the matter of counsel fees, costs and punitive damages and fails to direct the City to carry out the provisions of the order in response to the complaint in mandamus. Inasmuch as we do not believe that Appellees have waived their right to seek full relief, the trial court is obliged to determine the remaining issues before a final, appealable order can be entered.

We, therefore, will grant Appellees' motion to quash.[4]

Appellees seek additional relief in the nature of a remand to the Court of Common Pleas of Berks County for clarification of its order of June 7, 1984. We will grant this application for relief so that the trial court may clarify its prior order and take such action as is necessary regarding the issues remaining to be determined by it.

### ORDER

The order of this Court in the above captioned matter dated October 2, 1984, is hereby vacated.

---

[4] For this reason we will not discuss the merits of the City's appeal.

272

The motion to quash filed by Mary Mae Templin, et al., Appellees, is hereby granted and the appeal of the City of Reading, et al., Appellants, is hereby dismissed.

The Appellees' application for relief is hereby granted and this matter is remanded to the Court of Common Pleas of Berks County for further proceedings consistent with the accompanying opinion. Jurisdiction relinquished.

Judge WILLIAMS, JR., did not participate in the decision in this case.