592 A.2d 757

**Margaret LAROCCA, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (THE PITTSBURGH PRESS), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 13, 1991.

Decided May 31, 1991.

194

Theodore E. Breault, Pittsburgh, for petitioner.

Pamela G. Cochenour, Pittsburgh, for respondent.

Before CRAIG, President Judge, and DOYLE, McGINLEY, SMITH, PELLEGRINI, KELLEY and BYER, JJ.

KELLEY, Judge.

Margaret Larocca (claimant) appeals an order of the Workmen's Compensation Appeal Board affirming a decision of a referee which granted the termination petition of The Pittsburgh Press (employer) and denied claimant's petition for total disability.

Claimant suffered a work-related aggravation of pre-existing cervical degenerative arthritis on September 3, 1981, and began to receive partial disability benefits. These benefits were suspended by a referee's order of July 5,

1983, based on a finding that claimant continued to work without a loss in earnings. On December 28, 1987, claimant filed a petition for review asserting that, as of November 25, 1987, her disability had become total. Employer filed a termination petition, alleging that claimant had fully recovered from the September 3, 1981 injury and requesting that the suspension be lifted and benefits terminated.

A hearing on both petitions was held, and the referee, accepting the testimony of employer's medical expert, dismissed claimant's petition for total disability and granted employer's termination petition in an order dated March 22, 1989. Claimant appealed to the board which affirmed the referee's order on December 7, 1989.

Claimant, proceeding *pro se*, then attempted to appeal the board's decision. In a letter to this Court dated December 30, 1989, she explained that she was unfamiliar with how to handle the appeal, and had received no assistance from workmen's compensation offices, either in Pittsburgh or Harrisburg. She tried unsuccessfully to contact the Court by phone, and eventually resorted to calling the Governor's Hot Line, who referred her to the Court's filing office. The letter, date stamped January 4, 1990, requested "the necessary forms and information needed ... to file an appeal before the Commonwealth Court."

The chief clerk responded by letter dated January 5, 1990 and pursuant to Section 211 of this Court's Internal Operating Procedures, 210 Pa.Code § 67.13, which states:

**Petition for Review—Clarification.**

Upon receipt by the chief clerk from a *pro se* party of a written communication which evidences an intention to appeal, the chief clerk shall timestamp the writing with the date of receipt. The chief clerk shall advise the party by letter:

(1) As to the procedures necessary to perfect the appeal.

(2) That the date of receipt of the *pro se* communication will be preserved as the date of filing of the appeal, on condition that the party files a proper peti-

tion for review within 30 days of the date of the letter from the chief clerk. If the party fails to file a proper petition for review within that period, the chief clerk shall advise the party by letter that the court will take no further action in the matter.

Claimant, now represented by counsel, filed her petition for review on February 5, 1990. Employer responded with a motion to quash the appeal, arguing that § 211 has the effect of enlarging the time for appeal, which is expressly prohibited by Pa.R.A.P. 105(b) and inconsistent with Pa. R.A.P. 1512.

## RECONSIDERATION OF ORDER OF SINGLE JUDGE

▮▮▮ Before considering the merits of employer's timeliness claim, however, we must first decide whether the issue is properly before us.

Employer's motion to quash was denied on May 21, 1990, by order of Senior Judge Lehman. Employer did not seek reconsideration of that order, but instead proceeded to brief and argue the issue before an en banc panel of this Court, along with the merits of the case. We have held that:

> It is a general rule that it is improper for a trial judge, absent new evidence, to overrule an interlocutory order by another judge of the same court in the same case. *Commonwealth v. Tyson*, 57 Pa.Commonwealth Ct. 569, 427 A.2d 283 (1981). We adopt the same rule with regard to pre-argument applications filed with this Court. In the interest of judicial economy and efficiency there must be a degree of finality to determinations on pre-argument motions. See *Commonwealth v. Eck*, 272 Pa.Superior Ct. 406, 416 A.2d 520 (1979).

*Vitale v. Zoning Hearing Board of Upper Darby Township*, 63 Pa.Commonwealth Ct. 604, 607, 438 A.2d 1016, 1018 (1982).[1]

---

1. We have approved this practice even in a case involving a jurisdictional issue. *City of Reading v. Templin*, 88 Pa.Commonwealth Ct. 267, 269, n. 3, 489 A.2d 272, 273, n. 3 (1985).

This doctrine, known as the "law of the case," has been discussed by our Supreme Court, which has stated that:

The rule of the "law of the case" is one largely of convenience and public policy, both of which are served by stability in judicial decisions, and it must be accommodated to the needs of justice by the discriminating exercise of judicial power. Thus ... where a prior decision is palpably erroneous, it is competent for the court, not as a matter of right but of grace, to correct it upon a second review where no wrong or injustice will result thereby....

*Reamer's Estate*, 331 Pa. 117, 122–23, 200 A. 35, 37 (1938).

We do not view Judge Lehman's order as being "palpably erroneous," and intend to adhere to the policy announced in *Vitale*. Pa.R.A.P. 123(e) provides that a single judge of an appellate court may "grant or deny any request for relief which under these rules may properly be sought by application...." It further provides that "[t]he action of a single judge *may* be reviewed by the court." (Emphasis added.) We have provided a mechanism for this review by means of a petition for reconsideration. *See* Internal Operating Procedures, § 331, 210 Pa.Code § 67.47. When, as here, no petition for reconsideration from an order of a single judge has been filed, that order will normally be considered binding. Due to the importance of the issue involved here, however, we feel that the interest of judicial economy would be best served by squarely addressing it, despite the procedural irregularity.

## VALIDITY OF INTERNAL OPERATING PROCEDURES, SECTION 211

Employer contends that this Court is without jurisdiction to consider this appeal, arguing that a timely petition for review was not filed, and the time for filing a petition for review is jurisdictional. Section 211, it is contended, is invalid because it operates to impermissibly extend the time for appeal.

The Internal Operating Procedures, including § 211, were adopted by the Commonwealth Court pursuant to its rule making authority expressed in Pa.R.A.P. 104. This authority is not unlimited. Specifically, the Court is prohibited from making any rule enlarging the time for filing a notice of appeal, a petition for allowance of appeal, a petition for permission to appeal, or a petition for review. Pa.R.A.P. 105(b). A petition for review from an appealable quasijudicial order must be filed within 30 days after the entry of the order. Pa.R.A.P. 1512(a)(1).

■ Employer points out that claimant's *pro se* communication cannot be treated as a petition for review, since it does not contain the elements specified in Pa.R.A.P. 1513. These include a general statement of the objections to the order, or other determination sought to be reviewed, and a short statement of the relief sought. Because claimant's *pro se* communication did not contain these elements, employer maintains that it cannot be treated as a petition for review and, since no proper petition for review was filed within the 30–day period, the case must be dismissed.

Claimant argues that the *pro se* communication "substantially complied" with Pa.R.A.P. 1513 by including all of the other elements required, including identification of the agency appealed from, the date of the decision and order, the order itself, the parties as they stood upon the record below, and the docket number of the decision and order from which the appeal was taken. We cannot agree. The statement of objections to the governmental determination has been held to constitute the "heart" of the petition for review, and, without it, no issue has been preserved for appellate review. *See Hawkey v. Workmen's Compensation Appeal Board*, 56 Pa.Commonwealth Ct. 379, 425 A.2d 40 (1981).

This finding, however, does not end the inquiry. Section 211 provides that a written communication by a *pro se* party, which evidences an intention to appeal, will suffice to preserve the date of filing, provided that a proper petition for review is filed within 30 days of the date of the letter

from the chief clerk. It is this provision which we must examine to determine whether it violates Pa.R.A.P. 105(b).

We begin by noting that the prohibition against the enlargement of time found in Pa.R.A.P. 105(b) applies to four distinct situations. Two of these, a petition for allowance of appeal and a petition for permission to appeal, are by their very nature discretionary, and strict limitations on both the time for appeal and the requisite contents of the documents filed do not deprive the appellant of any right.

Rule 105(b) also applies to a notice of appeal and a petition for review, both involving appeals as of right, and thereby implicating constitutional protections.[2] Our courts have strictly construed Rule 105(b) as it applies to a notice of appeal, holding that if the notice is not filed within the thirty-day period, the appeal is untimely and must be quashed. *See, e.g., Commonwealth v. Riebow*, 299 Pa.Superior Ct. 458, 445 A.2d 1219 (1982); *State Farm Mutual Insurance v. Schultz*, 281 Pa.Superior Ct. 212, 421 A.2d 1224 (1980).

These cases, however, are distinguishable from the situation before us. When nothing evidencing an intent to appeal is filed within the statutory period, the appeal is not timely and must be quashed, absent a showing of circumstances meriting grant of an appeal *nunc pro tunc*. Here, however, claimant did communicate an intention to appeal within 30 days. A notice of appeal amounts to little more than evidence of an intent to appeal, yet that is sufficient to perfect an appeal under Pa.R.A.P. 902 and 903.[3] The note to Rule 902 states that one advantage of the procedure is that it necessarily eliminates the "trap" of failure to perfect an appeal, since the notice of appeal is self-perfecting.

**2.** Pa. Const., art. V, § 9.

**3.** We have held that a defective notice of appeal, if timely filed, does not render the appeal invalid. *Department of Transportation v. Florek*, 71 Pa.Commonwealth Ct. 615, 455 A.2d 1263 (1983).

■ While appeals from adjudications of an administrative agency are also as of right, the procedural mechanism is not self-perfecting. The required elements of a petition for review, although not exceedingly technical, are still considerably more burdensome than those for a notice of appeal. Unfortunately, notices of decisions from administrative agencies are often woefully lacking in explaining the procedure for appeal.[4] It is this "trap" that § 211 seeks to eliminate or at least mitigate for *pro se* appellants.

We also believe that § 211 is grounded in the appellate rules. Pa.R.A.P. 1503 provides that:

> If an appeal is taken from an order of a government unit, or if a complaint in the nature of equity, replevin, mandamus, or quo warranto, or a petition for a declaratory judgment or for a writ in the nature of certiorari or prohibition is filed against a government unit ... this alone shall not be a ground for dismissal, but the papers whereon the improvident matter was commenced shall be regarded and acted upon as a petition for review of such governmental determination and as if filed at the time the improvident matter was commenced. The court may require that the papers be clarified by amendment.

"Appeal" is defined as "[a]ny petition or other application to a court for review of subordinate governmental determinations." 42 Pa.C.S. § 102. We have no problem construing claimant's *pro se* communication as an "appeal."[5] By doing so, Pa.R.A.P. 1503 clearly allows it to be regarded as a petition for review, provided that it is clarified by amend-

4. The opinion of the board sent to claimant in this case stated: "[e]nclosed is a copy of an Opinion from the Workmen's Compensation Appeal Board filed this date in the above-mentioned case. The decision of the Board is final unless an appeal is taken to the appropriate court within thirty (30) days of the above mailing date."

5. While claimant's communication here contained sufficient information to be treated as a notice of appeal, we recognize that not all *pro se* communications received by this Court would so qualify. When a communication is so deficient that it fails to mention necessary information such as the name of the agency appealed from and the number and date of the order appealed, even § 211 might not operate to save it.

ment to include the essential elements of a petition for review. Section 211 accomplishes precisely that purpose.

In an appeal from a finding of civil contempt by the supervising judge of a statewide grand jury, appellant erroneously filed a notice of appeal instead of a petition for review, as provided by Rules 1511 and 1512, which provide that a petition for review must be filed within 10 days after the entry of the order. *In re Fourth Statewide Investigating Grand Jury*, 510 Pa. 496, 509 A.2d 1260 (1986). While the Supreme Court held that the appeal was untimely because the notice of appeal was not filed within 10 days, the Court also noted that "[r]ule 1503, Pa.R.A.P. allows appellant's erroneously filed notice of appeal to be treated as a petition for review." *Id.*, 510 Pa. at 500, n. 3, 509 A.2d at 1261, n. 3.

We also believe that § 211 comports with the intent of the rules. Our Supreme Court has consistently held that "[t]he Rules of Appellate Procedure were adopted to insure the orderly and efficient administration of justice at the appellate level. They were not intended, however, to be so rigidly applied as to result in manifest injustice, particularly when there has been substantial compliance and no prejudice." *Stout v. Universal Underwriters Insurance Company*, 491 Pa. 601, 605, 421 A.2d 1047, 1049 (1980).

■ This liberal construction is especially mandated when applied to a remedial law such as The Pennsylvania Workmen's Compensation Act. *See Crucible Steel Co. of America v. Workmen's Compensation Appeal Board*, 9 Pa.Commonwealth Ct. 269, 306 A.2d 395 (1973). When an act is remedial, "its benefits and objectives shall not be frittered away by slavish adherence to technical and artificial rules." *Unemployment Compensation Board of Review v. Jolliffe*, 474 Pa. 584, 379 A.2d 109 (1977) (quoting *Baigis Unemployment Compensation Case*, 160 Pa.Superior Ct. 379, 51 A.2d 518 (1947)). As the Superior Court stated in *Baigis*, we must be "always on guard lest justice be denied by allowing hollow form to govern solid substance...." *Baigis*, 160 Pa.Superior Ct. at 384, 51 A.2d at

521. To invalidate § 211 would result in just such a triumph of form over substance, a result which we are not prepared to sanction.

## MERITS OF THE CLAIM

■ Having determined that claimant is entitled to her day in court, we must now proceed to the merits of her appeal. Claimant attacks both the dismissal of her petition for total disability and the grant of employer's termination petition. She contends that the dismissal was unsupported by substantial competent evidence, since the referee did not give reasons for rejecting the testimony of her medical experts, which she alleges were more qualified than employer's experts.

The referee found that claimant was not disabled, thereby denying both her petition for disability and granting employer's termination petition. In making this finding, the referee made the following relevant findings of fact:

7. Claimant has failed to prove by any credible evidence that she has been unable to perform her regular work after November 25, 1987; that her original injury or disability recurred at any relevant time; that her prior, noncompensable disability increased at any relevant time; or that she sustained a loss of earnings or earning power as a result of her work-injury.

8. Her first visit to Dr. D.J. Marraccini, Jr., D.C., was on September 21, 1987, and to Dr. A.D. Kranik, M.D., November 24, 1987. They had no prior records of her care or treatment, nor did either have any X rays predating September 3, 1981. Dr. Kranik read Dr. Marraccini's X Rays and took none of his own. They relied primarily on claimant's histories and complaints.

9. Their exams and care of claimant were too remote in time from her work-injury.

10. None of the claimant's evidence is credible, and all of it is rejected.

11. Although claimant never sustained any kind of work-related back (excluding the cervical spine) injury, those two doctors were not only treating her back but

were also trying to relate her back complaints to her September 3, 1981 injury.

12. The medical experts' testimonies for employer are credible and given much probative value.

13. It is reasonably inferred that when claimant stopped working, she was not only fully able to perform her regular work, but she was also fully recovered from her injury. It is also inferred that she fully recovered long before she stopped working.

14. In any event, she fully recovered from her injury no later than December 4, 1987; and all of her disability terminated by no later than December 4, 1987.

15. She has been, and continues to be, fully able to do all of the duties of her regular work.

Our scope of review is whether there has been a violation of rights, error of law, or whether necessary facts are supported by substantial evidence. *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986). It is well established that the referee may accept the medical opinion of one expert witness over that of another. *Bruckner v. Workmen's Compensation Appeal Board (Lancaster Area Vo–Tech),* 104 Pa.Commonwealth Ct. 290, 521 A.2d 980 (1987). Furthermore, the referee is not required to give reasons for finding one expert's medical opinion to be more credible than another's. *Cooper Energy Services v. Workmen's Compensation Appeal Board (Toth),* 113 Pa.Commonwealth Ct. 144, 536 A.2d 519, *petition for allowance of appeal denied,* 520 Pa. 584, 549 A.2d 916 (1988).

The referee specifically found claimant's experts to be not credible. Employer's experts, on the other hand, testified unequivocally that claimant had fully recovered from her work-related injury, and that she was capable of performing her work. The party seeking termination of workmen's compensation benefits has the burden of proving that all disability related to a compensable injury has ceased and that, if a claimant is currently disabled, the petitioner must show a lack of causal relationship between that disability

and the compensable injury. *Unity Builders, Inc. v. Workmen's Compensation Appeal Board*, 50 Pa.Commonwealth Ct. 527, 413 A.2d 40 (1980).

Dr. Yanchus testified unequivocally that as of December 4, 1987, claimant had completely recovered from her September 1981 injury.[6] He further opined within a reasonable degree of medical certainty that claimant was physically capable of performing her job.[7] Dr. Durning also testified that, in his opinion, claimant could return to her job.[8] This unequivocal testimony is substantial evidence to support the referee's finding that employer has met its burden regarding termination.

Claimant also argues, however, that since the referee granted the termination petition as of December 4, 1987, and claimant's last day of work was November 25, 1987, she is entitled to benefits for the intervening period. When seeking to lift a suspension, claimant need only establish continuing disability and recurrence of loss of earnings resulting from a work-related injury. *Christopher v. Workmen's Compensation Appeal Board (Dravo Corp.)*, 124 Pa.Commonwealth Ct. 562, 556 A.2d 544 (1989). A presumption of partial disability exists by virtue of the suspension order. *Id.* Thus, claimant need only show that her loss of earnings resulted from a work-related injury. The referee's Finding of Fact No. 7 expressly found that claimant had not so shown. Since this finding is also supported by substantial evidence, we cannot disturb it.

Accordingly, having found no error of law and that all relevant findings of fact are supported by substantial evidence, the decision of the board is affirmed.

## ORDER

NOW, this 31st day of May, 1991, the order of the Workmen's Compensation Appeal Board, No. A89–786, dated December 7, 1989, is affirmed.

6. Deposition of Robert M. Yanchus, M.D., at 21.

7. *Id.* at 20.

8. Deposition of Robert P. Durning, M.D., at 27.

DOYLE, Judge, concurring and dissenting.

Respectfully, I concur in part and dissent in part. I agree with the majority that IOP 211 is valid and that where, as here, a *pro se* letter evidences an intent to appeal, amplification of that *pro se* document via amendment should be allowed under IOP 211. Further, I agree with the majority's disposition of the case on the merits of Larocca's appeal. I dissent, however, from its position on the issue pertaining to reconsideration of an order of a single judge.[1]

Assuming that the law of the case doctrine does apply here, and I do not agree that it does, the authority relied upon by the majority is *Vitale v. Zoning Hearing Board of Upper Darby Township*, 63 Pa.Commonwealth Ct. 604, 438 A.2d 1016 (1982). However, *Vitale,* by its own language states that reconsideration of a trial judge's interlocutory order in the same case, *as a general rule,* is not to be considered and that the rule's sole justification is judicial economy (a public policy rationale, not a statutory or constitutional one). Hence, the rule is not an absolute. In this case the issue is the timeliness of an appeal to this Court and goes to our subject matter jurisdiction. *Altieri v. Pennsylvania Board of Probation and Parole*, 88 Pa.Commonwealth Ct. 592, 495 A.2d 213 (1985). Moreover, we are obliged to consider subject matter jurisdiction defects sua sponte. *Id.* Thus, in my view the *Vitale* rule can not operate to preclude us from reconsidering this issue.

As previously noted, however, I disagree that this situation even involves the law of the case doctrine. On this point I am in agreement with the concurring and dissenting opinion of Judge Byer that "a prior decision of a single judge on a pre-argument or pre-submission application cannot be considered the law of the case in the same appeal" because "[i]t simply is not a prior decision of an appellate court for this purpose." *See Farber v. Engle*, 106 Pa.Commonwealth Ct. 173, 525 A.2d 864 (1987). I cannot, however, join fully in Judge Byer's concurring and dissenting opinion on this issue because I disagree with that opinion to the

1. I do agree that the issue is an important one and must be reached.

extent that it relies on the dissent in *Gilmore v. Commonwealth*, 139 Pa.Commonwealth Ct. 499, 590 A.2d 1369 (1991) (Byer, J., dissenting) to support its position.[2]

In summary, I would hold that IOP 211 is valid, that there is no bar to our sua sponte reconsideration of the single judge's order in this case, that the case is validly on appeal here, and that the Workmen's Compensation Appeal Board should be affirmed on the merits.

BYER, Judge, concurring and dissenting.

I respectfully dissent from the majority's conclusions that the decision of a single judge on a question of subject matter jurisdiction is binding on the court when it later considers the merits and that section 211 of our Internal Operating Procedures is valid. Because the existence of this invalid internal operating procedure resulted in personnel of our court giving Ms. Larocca instructions which I believe were incorrect, I would hold that the untimeliness of the appeal was caused by a breakdown in the judicial process. Therefore, I would not dismiss the appeal for lack of jurisdiction even though I disagree with the majority's conclusions. However, I concur with the majority's decision to affirm on the merits.

## LAW OF THE CASE AND REVIEW
## UNDER Pa.R.A.P. 123(e)

The majority incorrectly invokes the law of the case doctrine as a basis for sustaining our jurisdiction. Although I believe we have jurisdiction for the reasons discussed later in this opinion, I cannot agree with the majority's decision to base jurisdiction, even in part, on the law of the case doctrine.

In Pennsylvania, the law of the case doctrine applies only with respect to appellate courts and provides that where an appellate court has considered and decided a question on appeal, it will not reconsider that decision in a subsequent appeal in the same case. *See, e.g. Kuchinic v. McCrory,*

---

**2.** Because I believe that IOP 211 is valid, I disagree with the dissent that nunc pro tunc relief is required here.

422 Pa. 620, 625 n. 7, 222 A.2d 897, 900 n. 7 (1966); *Delaware River Port Authority v. Pennsylvania Public Utility Commission*, 408 Pa. 169, 173–77, 182 A.2d 682, 684–85 (1962).[1]

Until the majority's decision today, no case ever has extended the law of the case doctrine to preclude an appellate court, in the course of considering the merits of an appeal, from reconsidering a prior order of a single judge on a question of subject matter jurisdiction. I think the majority is incorrect in so extending this doctrine.

To begin with, the law of the case doctrine has no application to the review either by a three-judge panel or by the court en banc of a decision by a single judge on a motion for relief under Pa.R.A.P. 123. Our Supreme Court has emphasized that an essential element of the law of the case doctrine is a prior appellate decision, followed by a subsequent appeal on another phase of the same case. *Delaware River Port Authority* at 174, 182 A.2d at 684. Here, we have only one appeal, and a prior decision of a single judge on a pre-argument or pre-submission application cannot be considered the law of the case in the same appeal. It simply is not a prior decision of an appellate court for this purpose.

In addition to being inconsistent with precedent describing the law of the case doctrine, the majority's decision to apply the law of the case doctrine to this situation is contrary to Pa.R.A.P. 123(e). This rule provides, "[t]he action of a single judge may be reviewed by the court." The existence of this rule plainly is inconsistent with any attempt to apply the law of the case doctrine to preclude subsequent review in the same appeal of a decision by a single judge.

---

**1.** In Pennsylvania, trial courts are not governed by the law of the case doctrine. Instead, trial courts are governed by the closely related doctrine that, in the absence of new evidence, it is improper for one judge of a trial court to overrule an interlocutory order entered by another judge of that court involving the same issue. *See Farber v. Engle*, 106 Pa.Commonwealth Ct. 173, 525 A.2d 864 (1987). The majority appears to treat this doctrine as being part of the law of the case doctrine.

I also would hold that the law of the case doctrine cannot be applied to a question of subject matter jurisdiction. A question of subject matter jurisdiction involves the power of a court to decide the case. Subject matter jurisdiction cannot be supplied by waiver, agreement or procedural default. Subject matter jurisdiction must be determined at any phase of a case where it is called into question. Therefore, it defies logic to hold that subject matter jurisdiction may be supplied by the law of the case doctrine even where the prior decision upholding subject matter jurisdiction is erroneous.

Our Supreme Court has observed that the law of the case doctrine is not inflexible, is less preclusive than *res judicata* and merely serves to direct the discretion of the court. *Burke v. Pittsburgh Limestone Corp.*, 375 Pa. 390, 394, 100 A.2d 595, 598 (1953). If the law of the case doctrine is a weaker doctrine than *res judicata*, I cannot see how it can be extended to a decision involving subject matter jurisdiction.

I agree with the holding of the United States Court of Appeals for the District of Columbia Circuit in *Potomac Passengers Association v. Chesapeake & Ohio Railway Co.*, 520 F.2d 91 (D.C.Cir.1975), that the law of the case doctrine has no application to questions of subject matter jurisdiction. "When an appellate court makes so fundamental an error as that of sustaining federal subject matter jurisdiction where none exists, we think the court must exercise its discretion to correct that mistake." *Id.* at 95, n. 22. The requirement of subject matter jurisdiction is not less fundamental in Pennsylvania appellate courts than in the federal courts. I would apply the same principle.[2]

The majority opinion would circumvent both the absence of subject matter jurisdiction and the provision of Pa.R.A.P.

---

**2.** It is true that the United States Supreme Court has indicated, contrary to the specific result in *Potomac Passengers Association,* that the law of the case doctrine applies "to transfer decisions that implicate the transferee's jurisdiction" in situations where a case is transferred from one Court of Appeals to another. *Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 816 n. 5, 108 S.Ct. 2166, 2177

123(e) providing for review by the court of a decision of a single judge by creating a new "rule." This new "rule" provides that a party seeking further review under Pa. R.A.P. 123(e) cannot request that further review in a brief on the merits, but must file a separate application for reconsideration. There is no justification for the creation of such a "rule" by this court.

As I observed in another recent case where this court purported to create a general rule of procedure, the Pennsylvania Constitution gives the Supreme Court of Pennsylvania the exclusive authority to promulgate general procedural rules. *Gilmore v. Commonwealth,* 139 Pa.Commonwealth Ct. 499, ——, 590 A.2d 1369, 1372 (1991) (Byer, J., dissenting). We do not have any power to prescribe general rules of appellate procedure such as that created by the majority in this case.

The Pennsylvania Rules of Appellate Procedure contain no provision which requires a party to proceed by formal application for reconsideration in order to obtain further review under Pa.R.A.P. 123(e) where the ruling by the single judge requires that the case proceed to a review on the merits. Although such an application would be necessary where the effect of a single judge's ruling is to preclude further review on the merits, such as an order either dismissing or remanding a case, appellee's request in its brief that we reconsider the order of a single judge sustaining subject matter jurisdiction in this case is not inconsistent with any rule of appellate procedure promulgated by our Supreme Court.

Although appellee certainly could have filed a formal application for reconsideration, it was not required to do so. More importantly, although the Supreme Court could have

n. 5, 100 L.Ed.2d 811 (1988). The decision in *Christianson* was necessary, in a unique situation, in order to avoid an endless loop of conflicting jurisdictional decisions by different courts of appeals transferring and re-transferring the same case. However, the Supreme Court also recognized that the law of the case doctrine would not preclude a court from revisiting a prior determination of subject matter jurisdiction even in a transfer situation where the prior decision was "clearly wrong." *Id.* at 817, 108 S.Ct. at 2178.

adopted a rule requiring such a formal application to invoke Pa.R.A.P. 123(e), the Supreme Court has chosen not to do so.

The majority opinion indicates that we have provided a mechanism for review of such applications in Section 331 of our Internal Operating Procedures. It is true that our I.O.P. § 331 provides the procedure to be followed *by our staff* where a party files an application seeking reconsideration of an order by a single judge. However, this internal regulation cannot be construed as requiring parties to file such applications in order to pursue their right to request further review under Pa.R.A.P. 123(e). Internal operating procedures regulate the internal operations of courts and are not in the nature of general procedural rules which must be followed by parties. We simply have no power to amend the Pennsylvania Rules of Appellate Procedure, by our Internal Operating Procedures or otherwise.

What is the problem with a party requesting review under Rule 123(e) by including the request in its brief on the merits? What would be added by requiring a party to make such a request on a separate piece of paper? The majority does not answer these questions. There simply is no reason why we should not entertain such a request in a brief, particularly where it relates to our power to decide the case.

The vice of our creating a procedural rule by case law, apart from our acting beyond our constitutional authority, is that it requires lawyers and litigants to engage in extensive case law research in order to discern basic procedural points, instead of being able merely to open a rule book and pick out the applicable rules. *Gilmore* 139 Pa.Commonwealth Ct. at ——, 590 A.2d at 1372 (Byer, J., dissenting); *see also McCarron v. Upper Gwynedd Township*, 139 Pa.Commonwealth Ct. 528, ——, 591 A.2d 1151, 1154 (1991) (Byer, J., concurring). The practice of law is tough enough without our requiring lawyers to perform extensive case law research on the simplest of procedural points. That is contrary to the modern notion that procedural requirements should be codified in published procedural rules.

It certainly makes no sense to create such a requirement for rulings on subject matter jurisdiction. The effect of the majority's decision on this point is to provide that, notwithstanding Pa.R.A.P. 123(e), an erroneous decision by a single judge sustaining subject matter jurisdiction where there is none binds even the court en banc and requires us to decide a case which we do not have the power to decide. Under the majority's reasoning, one wonders whether the single judge's decision could be reconsidered even on reargument after a decision on the merits. I respectfully suggest that the absurdity of such a result, and the fact that it renders Pa.R.A.P. 123(e) meaningless, demonstrates why the majority is incorrect. *See* 1 Pa.C.S. § 1922(1) & (2), as made applicable by Pa.R.A.P. 107.

It is a basic principle that subject matter jurisdiction may be raised at any time, even *sua sponte*. I see no reason why either a panel or the court en banc, when considering an appeal on the merits, cannot determine a question of subject matter jurisdiction regardless of whether it was raised before a single judge and regardless of whether a party expressly requested reconsideration of that decision. Therefore, I respectfully conclude that the majority's decision on this point is incorrect.

## VALIDITY OF I.O.P. § 211

The sustaining of section 211 of our Internal Operating Procedures is an example of what might, after *Gilmore* and this case, be viewed as our court's trend to create by case law our own general rules of procedure where we find the rules promulgated by our Supreme Court wanting in some respect. I cannot subscribe to this.

The majority, in effect, has amended Pa.R.A.P. 1512(a)(1) in order to provide more than thirty days for the filing of a valid petition for review by a *pro se* litigant. This goes beyond any reasonable construction of Pa.R.A.P. 104.

I cannot accept the majority's construction of Pa.R.A.P. 1503 as permitting a party to convert, by a process of

amendment, a document containing no statement of objections into a petition for review more than 30 days after entry of a reviewable order. Rule 1503 might permit amendment to include a statement of objections or cure any other jurisdictional defect concerning the content of the document within the 30–day limit for filing a petition for review, but not beyond that jurisdictional time limit.

The error of the majority's construction of Rule 1503 is demonstrated by considering what would happen if a party would attempt to invoke our appellate jurisdiction by filing a document entitled "petition for review" but which contained no statement of objections. In such a case, we would dismiss the petition for review, and we would not permit amendment to include objections more than 30 days after entry of the reviewable order. *See* R. Darlington, *et al.,* 1 *Pennsylvania Appellate Practice* § 1513.10 (1986). Yet, under the majority's construction of Rule 1503 in this case, if the party called such a deficient paper a "notice of appeal" instead of "petition for review," an amendment to include the required statement of objections would be permitted beyond the 30–day limit. I respectfully suggest that such a distinction does not make sense.

In addition, by acting outside our authority, the majority has created an untenable discrimination between parties initially represented by counsel and parties who appear, at least initially, without counsel. We tried once before, in a different context, to confer more favorable treatment on *pro se* litigants than on litigants represented by counsel, and the Supreme Court, quoting one of our own decisions, very pointedly instructed us:

> It is, we believe, preferable to simply recognize, as the Commonwealth Court has previously done, that "any lay person choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing."

*Vann v. Unemployment Compensation Board of Review,* 508 Pa. 139, 148, 494 A.2d 1081, 1086 (1985) (quoting from

*Groch v. Unemployment Compensation Board of Review,* 81 Pa.Commonwealth Ct. 26, 30, 472 A.2d 286, 288 (1984)).

I have no doubt that if a lawyer for a party did what Ms. Larocca did on her own here, we would have dismissed the case for lack of jurisdiction even though the initial letter evidenced an intention to invoke our appellate review process. Because our Supreme Court has held that *pro se* litigants must follow the same rules as parties represented by counsel, I see no basis for such a discrimination.

Of course, the Supreme Court could choose to grant a grace period to *pro se* litigants like that in our I.O.P. § 211. That is the Supreme Court's prerogative under Article V, Section 10(c) of the Pennsylvania Constitution. It is not ours. Therefore, I would hold that section 211 of our Internal Operating Procedures is invalid.

## BREAKDOWN IN JUDICIAL PROCESS

Even though I would invalidate our I.O.P. § 211, I would not dismiss Ms. Larocca's appeal for lack of jurisdiction. That is because our chief clerk's letter of January 5, 1990 told Ms. Larocca she could file a petition for review within thirty days and still preserve her original filing date, in accordance with our I.O.P. § 211. Although I consider I.O.P. § 211 to be invalid, Ms. Larocca had the right to rely upon the communication from our chief clerk under the circumstances.

We have recognized that where a person is unintentionally misled by erroneous instructions from an authorized court officer, this may be considered a sufficient breakdown in the judicial process to justify the allowance of an appeal, even though it is filed beyond the 30–day time limit. *Department of Transportation v. Emery,* 135 Pa.Commonwealth Ct. 274, 279–80, 580 A.2d 909, 912 (1990); *Department of Transportation v. Rick,* 75 Pa.Commonwealth Ct. 514, 516, 462 A.2d 902, 903 (1983); *see Commonwealth Bank & Trust Co., N.A. v. Winterberger,* 136 Pa.Commonwealth Ct. 216, 219–21, 582 A.2d 730, 732 (1990), *appeal allowed,* 527 Pa. 619, 590 A.2d 759 (1991); *West Greene School Dist. v. Commonwealth, Unemployment Compen-*

*sation Board of Review,* 112 Pa.Commonwealth Ct. 334, 337, 535 A.2d 697, 698–99 (1988); *Layton v. Unemployment Compensation Board of Review,* 156 Pa.Superior Ct. 225, 40 A.2d 125 (1944). I would apply that principle here and hold that the erroneous (in my opinion) advice our chief clerk sent Ms. Larocca in accordance with I.O.P. § 211 constitutes a breakdown in the judicial process. Therefore, I would not dismiss this appeal for lack of subject matter jurisdiction even though it is untimely.

\* \* \*

Because I would not dismiss this appeal for lack of jurisdiction, and because I agree with the majority's decision on the merits, I concur with the majority's decision to affirm the order of the Workmen's Compensation Appeal Board. However, for the reasons previously discussed, I respectfully dissent from the remainder of the majority's decision.

McGINLEY, J., joins in this concurring and dissenting opinion.