627 A.2d 229

**Francis FROCKOWIAK, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (CARDO AUTOMOTIVE PRODUCTS, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Argued May 11, 1993.

Decided June 10, 1993.

Frederick N. Dorfman for petitioner.

Marshall A. Haislup, III, for respondent.

Before COLINS and McGINLEY, JJ., and SILVESTRI, Senior Judge.

McGINLEY, Judge.

Francis Frockowiak (Claimant) appeals an order of the Workmen's Compensation Appeal Board (Board) that granted termination of his disability benefits. Claimant's appeal is quashed as untimely filed.

Claimant received a trauma injury to his knee on June 2, 1983. A notice of compensation payable was issued reflecting a compensable knee injury, stating "contusion knee." On or about July 1, 1986, Employer filed a petition for termination, modification or suspension alleging full recovery as of May 9, 1985. In April 1987, Claimant filed a review petition alleging that his work injury included other parts of his body, including his spine. At the hearing, held March 2, 1989, Employer orally amended its termination petition to include a challenge to the reasonableness and necessity of medical expenses other than those relating to Claimant's knee injury. By order dated November 29, 1989, the referee terminated Claimant's benefits. Claimant appealed, and on May 7, 1992, the Board issued an order affirming the referee.

This appeal began when Claimant's pro se letter was delivered to the Board on June 8, 1992, stating that Claimant wished to appeal the Board's order. The Board delivered the letter to our chief clerk on June 10, 1992. June 8, 1992, was preserved in our records as Claimant's appeal date. Cardo Automotive Products, Inc., and Argonaut Insurance Company (collectively, Employer) filed a motion to quash on the basis of timeliness on September 14, 1992. This motion was granted by our order of October 5, 1992. On November 5, 1992, we granted Claimant's motion for reconsideration. On January 1, 1993, we granted Employer's motion for reargument and directed briefs to be filed both on the motion to quash and on the merits of the case.

Commonwealth Court Internal Operating Procedure § 211 (IOP 211) provides that the chief clerk upon receipt of a pro se communication evincing intent to appeal may preserve the

date of this communication as the date of the appeal and instruct the prospective appellant to file a petition for review.[1] Employer contends that IOP 211 provides no authorization to treat Claimant's letter which was addressed to and actually received *by the Board* on June 8, 1992, and subsequently delivered to our chief clerk on June 10, 1992, as a timely appeal of the Board's determination.

Employer cites our discussion of Pa.R.A.P. 105(b) in *Larocca v. Workmen's Compensation Appeal Board,* 140 Pa.Commonwealth Ct. 192, 592 A.2d 757 (1991). In *Larocca,* Margaret Larocca (Larocca), a pro se claimant, sent a letter that was received by this Court within thirty days of an adverse decision of the Board. Larocca wrote that she was unfamiliar with the procedures for filing an appeal and she requested any "forms and information needed" to perfect her appeal to this Court. *Larocca,* 140 Pa.Commonwealth Ct. at 196, 592 A.2d at 759. The chief clerk preserved the date of receipt of this letter as the claimant's appeal date in accordance with IOP 211, and claimant's former employer filed a motion to quash, alleging that such action impermissibly enlarged the time for filing an appeal, in violation of Pa.R.A.P. 105(b).[2] We examined IOP 211 and found it complied with the standards set forth in Pa.R.A.P. 105(b), and with the intent of the rules to promote orderly and efficient administration of justice, despite the fact that the claimant's pro se letter by

---

1.  § 211 **Petitioner for Review; Clarification**—Upon receipt by the chief clerk from a pro se party of a written communication which evidences an intention to appeal, the chief clerk shall timestamp the writing with the date of receipt. The chief clerk shall advise the party by letter (1) as to the procedures necessary to perfect the appeal, and (2) that the date of receipt of the pro se communication will be preserved as the date of filing the appeal, on condition that the party files a proper petition for review within thirty days of the date of the letter from the chief clerk. If the party fails to file a proper petition for review within that period, the chief clerk shall advise the party by letter that the court will take no further action in the matter.

2.  The employer's motion to quash was originally denied by order of a single judge of this court. Without seeking reargument the employer raised the issue again in conjunction with argument on the merits of the case before the court en banc, which resolved the issue despite the procedural irregularity.

itself did not fully comply with the standard for a petition for review required by the Pennsylvania Rules of Appellate Procedure. The pro se communication did not contain a general statement of objections or a short statement of relief sought. *Larocca,* 140 Pa.Commonwealth Ct. at 202, 592 A.2d at 762.

■ While we determined that the *Larocca* claimant's letter sufficiently communicated her intention to appeal to this court within thirty days, in the matter *sub judice* we agree with Employer that to conclude that Claimant's letter was timely received by the chief clerk pursuant to IOP 211 goes beyond *Larocca.* In actuality this Court did not receive notice of Claimant's intention to appeal within thirty days; Claimant's pro se letter was not received by the Court on June 8, 1992, but by the Board. Consequently IOP 211 does not operate to preserve this date as Claimant's date of appeal, and the appeal is not timely.

■ Claimant also requests permission to now file an appeal *nunc pro tunc,* alleging that the Board's initial receipt of the letter resulted from the actions of either the United States Postal System or confusion on the part of the "court employee designated to receive certified mail." Claimant contends that his letter was sent within the proper appeal period and addressed to Commonwealth Court, consequently his appeal was timely.

Claimant's letter bore the following address:

Commonwealth of Pennsylvania—Workmen's Comp Appeal Board Room 620 South Office Building 4th 5th 6th fl. Harrisburg, Pennsylvania, 17120 [3]

In the letter, Exhibit B attached to Claimant's brief on the motion, Claimant recites that he had a copy of the Board's decision but for some unexplained reason wished to appeal from the order of the referee. In his brief, Claimant also sets forth a litany of unfortunate circumstances in addition to the allegation that he received bad advice, all contributing to the delay of the pro se letter's arrival at this Court's filing office.

3. The street address for this Court is 620 South Office Building, and the filing office is located on the sixth floor.

Although we are sensitive to the difficulties encountered by pro se claimants in this case we must deny Claimant's request to file his appeal *nunc pro tunc*. The address on the letter indicates that it was Claimant's action in addressing the letter to the Board that caused the delay in receipt by this Court.[4] The decision of the Board is affirmed.

## ORDER

AND NOW, this 10th day of June, 1993, the appeal of Francis Frockowiak in the above-captioned matter is quashed as untimely filed.

---

**4.** Moreover, were we to examine the merits of Claimant's case we would be constrained to hold that the referee's finding that Claimant is able to return to work is supported by the unequivocal medical testimony of Employer's medical witness, Parviz Kambin, M.D., that Claimant is recovered and does not have any physical restrictions preventing him from returning to work.