**Jacqueline DeWITT, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted June 21, 2010.

Decided July 15, 2010.

Jacqueline DeWitt, Stroudsburg, pro se petitioner.

Carol J. Mowery, Assistant Counsel, Harrisburg, for respondent.

Robert Burke McLemore, Harrisburg, for intervenor.

BEFORE: LEADBETTER, President Judge, and LEAVITT, Judge, and KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

Before the Court is an application for reconsideration filed by the Unemployment Compensation Board of Review (Board) of an Order of this Court dated March 18, 2010, denying the motion of intervenor, Weis Market, Inc. (Employer) to quash the petition for review filed by Jacqueline DeWitt (Claimant). The issue is whether we can extend the filing deadline set forth in this Court's Internal Oper-

ating Procedure (IOP) 211 as a matter of discretion.[1]

On December 21, 2009 Claimant submitted a number of documents with the caption "appeal" to this Court.[2] By letter dated December 22, 2009, this Court, through its chief clerk, sent Claimant a notice that in order to perfect her appeal she was to file a petition for review in accordance with the Pennsylvania Rules of Appellate Procedure. The letter provided her with instructions on how to do so and explained:

> The date of December 21, 2009 will be preserved as the date of filing your appeal. This is the date your communication indicating your intention to appeal was filed with this Court. **If this date is more than 30 days from the mailing date of the order that you are appealing, your appeal may be dismissed because it is untimely.** Unless your perfected petition for review is filed and the filing fee (if any) is paid **within 30 days of the date of this notice,** the Court will take no further action in this matter.

Application for Reconsideration, Appendix A.

Claimant filed a perfected petition for review on January 25, 2010, which was postmarked January 22, 2010. As the petition for review was not filed within the thirty-day time period listed in the notice, Employer filed a motion to quash the appeal alleging that this Court was without jurisdiction to consider an untimely petition for review.

On March 18, 2010, this Court issued a memorandum and order noting that under IOP 211 when a claimant fails to meet the thirty-day deadline, the chief clerk is to advise the claimant by letter that the Court will take no further action in the matter. As the chief clerk had yet to send the letter, it was determined that the Court could extend the time period pursuant to Pa. R.A.P. 105(b).[3] Citing *Larocca v.*

---

1. IOP 211 provides:

   (a) Upon receipt by the chief clerk from a pro se party of a written communication which evidences an intention to appeal, the chief clerk shall time-stamp the writing with the date of receipt. The chief clerk shall advise the party by letter:
   (1) As to the procedures necessary to perfect the appeal.
   (2) That the date of receipt of the pro se communication will be preserved as the date of filing of the appeal, on condition that the party files a proper petition for review within 30 days of the letter from the chief clerk. If the party fails to file a proper petition for review within that period, the chief clerk shall advise the party by letter that the court will take no further action in the matter.
   (b) Upon receipt by the chief clerk of a notice of appeal in cases in which a petition for review is the proper appeal document, the chief clerk shall time-stamp the notice of appeal with the date of receipt and the court shall forthwith enter an order giving the party 30 days to file a petition for review and indicating that the failure to do so will result in the dismissal of the appeal. 210 Pa.Code § 67.13.

2. While not contained in the "appeal", Employer provided in its motion to quash that the opinion of the Board was dated November 19, 2009. Pursuant to Pa. R.A.P. 1512(a)(1), Claimant had thirty days after the entry of the order in which to file a petition for review. As the thirty-day appeal period expired on Saturday, December 19, 2009, the last day in which Claimant could file a timely appeal was Monday, December 21, 2009.

3. Rule 105 provides:

   (a) **Liberal construction and modification of rules.** These rules shall be liberally construed to secure the just, speedy and inexpensive determination of every matter to which they are applicable. In the interest of expediting decision, or for other good cause shown, an appellate court may, except as otherwise provided in Subdivision (b) of this rule, disregard the requirements or provisions of any of these rules in a

*Workmen's Compensation Appeal Board (The Pittsburgh Press)*, 140 Pa.Cmwlth. 192, 592 A.2d 757, *petition for allowance of appeal denied*, 529 Pa. 659, 604 A.2d 251 (1991), the Court opined that IOP 211 did not violate the thirty-day period for filing an appeal as set forth in Pa. R.A.P. 105(b). Therefore, the Court determined that Claimant satisfied the jurisdictional requirement, in the present case, when she filed her original "appeal." As the jurisdictional requirement was satisfied, it was permissible for the Court to expand the period of time set forth in IOP 211 as a matter of its discretion. Accordingly, the motion to quash was denied.

In response, the Board filed an application for reconsideration.[4] Employer has filed a letter joining in the application. The Board argues that *Larocca* merely held that the Court could create an internal rule permitting amendment of a timely filed *pro se* communication to convert it into a perfected petition for review; it did not, however, grant the Court the authority to extend the time period beyond that allowed by IOP 211. Upon further reflection and review, we agree.

In *Larocca*, a *pro se* claimant sent a letter to this Court requesting the necessary forms to file an appeal. Pursuant to IOP 211, the chief clerk sent the requested documents and advised the claimant that she had thirty days to file a proper petition for review. *Larocca*. The claimant then filed a petition for review within the provided time period. The employer filed a motion to quash alleging that IOP 211 impermissibly extended the period of time in which to file an appeal. *Id.* The employer argued that this was prohibited by Pa. R.A.P. 105(b). *Id.*

We determined that while the claimant had not filed a proper petition for review, the timely filing of a communication advising of the intent to appeal was sufficient to toll the appeal period. Id. Further, we noted that Pa. R.A.P. 1503 also allowed amendment, for the purposes of clarification, on improvidently filed appeals. *Id.* Therefore, we concluded that it was allowable for this Court to extend the time period to perfect the appeal pursuant to IOP 211. *Id.*

■ Thus, the jurisdictional requirements of filing a petition for review can be deemed met when a petitioner has provided the Court with notice that he/she intends to appeal. *Larocca*. IOP 211(a)(2) preserves the filing date "on the condition that the party files a proper petition for review within 30 days of the letter from the chief clerk." 210 Pa.Code § 67.13(a)(2). It then provides that if the party fails to do so "the chief clerk shall advise the party by letter that the court will take no further action in the matter." *Id.* Thus, our jurisdiction is conditional on the party filing a perfected petition for review within thirty days of the chief clerk's letter. Once this thirty-day time period expires, the date of the receipt of the *pro se* communication is no longer preserved and our jurisdiction is extinguished.

particular case on application of a party or on its own motion and may order proceedings in accordance with its direction.

(b) **Enlargement of time.** An appellate court for good cause shown may upon application enlarge the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of such time, but the court may not enlarge the time for filing a notice of appeal, a petition for allowance of appeal, a petition for permission to appeal, or a petition for review.

Pa. R.A.P. 105.

4. Claimant did not file a response to the motion to quash or the application for reconsideration.

■ Here, Claimant's appeal was *conditioned* on the filing of the perfected petition for review within thirty days of December 22, 2009, i.e., January 21, 2010. Claimant's petition for review was not filed until January 25, 2010 and was not postmarked until January 22, 2010, after the thirty-day appeal period had expired. *See Alston v. Unemployment Compensation Board of Review,* 967 A.2d 432 (Pa. Cmwlth.2009). The fact that the chief clerk had yet to send the letter, advising Claimant that the Court will take no further action in the matter, did not extend the time period at its discretion pursuant Pa. R.A.P. 105(b). IOP 211 does not provide a means to further extend the time allotted to appeal. Once the thirty-day period of time lapsed, the date of the receipt of Claimant's *pro se* communication was no longer preserved and our jurisdiction was relinquished. To conclude otherwise would provide a petitioner/appellant with the means of extension based on nothing more than the swiftness of the chief clerk in mailing an advisory letter.

Accordingly, we grant the application for reconsideration filed by the Board and quash the petition for review filed by Claimant.

### ORDER

AND NOW, this 15th day of July, 2010, Respondent's application for reconsideration is GRANTED, the order of this Court dated March 18, 2010 is VACATED, and the petition for review filed by Petitioner is QUASHED.