IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Regina S. Guidera,                           :
                          Petitioner         :
                                             :
            v.                               :
                                             :
Unemployment Compensation                    :
Board of Review,                             :   No. 1543 C.D. 2022
                          Respondent         :   Submitted: July 5, 2024

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge
          HONORABLE MATTHEW S. WOLF, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                          FILED: September 6, 2024


            Regina S. Guidera (Claimant), *pro se*, petitions for review of the August

26, 2022 order of the Unemployment Compensation Board of Review (Board)

deeming Claimant ineligible for unemployment compensation benefits (benefits)

under Section 402(e) of the Unemployment Compensation Law (the Law),[1] 43 P.S.

§ 802(e).[2]  Upon review, we are constrained to quash the petition for review as

untimely.

            Claimant worked for Jefferson Cardiology Associates (Employer) as an

ultrasound technician from February 2020 until October 14, 2021.  Certified Record

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937), 2897, *as amended*, 43 P.S.
§§ 751-919.10.

[2] Section 402(e) of the Law provides that "[a]n employe shall be ineligible for
compensation for any week . . . [i]n which his unemployment is due to his discharge or temporary
suspension from work for willful misconduct connected with his work, irrespective of whether or
not such work is 'employment' as defined in this act[.]"  43 P.S. § 802(e).

(C.R.) at 91. Employer required employees to wear a mask while in the presence of patients as a COVID-19 mitigation measure. *Id.* Claimant repeatedly refused to abide by Employer's face mask policy, resulting in her termination on October 14, 2021. *Id.* at 92. The same month, Claimant applied for benefits, effective October 17, 2021. C.R. at 3. On March 21, 2022, the Pennsylvania Department of Labor & Industry, Office of Unemployment Compensation Benefits, denied Claimant benefits on the basis that Claimant's awareness and violation of Employer's reasonable rule constituted willful misconduct under Section 402(e) of the Law, 43 P.S. § 802(e). *Id.* at 31.

Claimant appealed the denial to a referee for the Board. *See* C.R. at 42-43. After holding a hearing on July 19, 2022, in which Claimant alone participated, the referee affirmed the denial of benefits. C.R. at 62 & 71-73. Claimant then appealed to the Board, which affirmed by decision mailed August 26, 2022. *See* C.R. at 82-84, 91 & 93.

On September 7, 2022, Claimant filed a letter with this Court indicating her intent to appeal the Board's August 26, 2022 order. *See Pro Se* Letter, 9/7/22. By notice dated November 17, 2022, the Prothonotary for this Court instructed Claimant to complete and return an enclosed petition for review form[3] in order to preserve September 7, 2022 as the filing date of her appeal. *See* Notice, 11/17/22. Claimant failed to perfect her appeal, and by letter dated January 19, 2023, the Prothonotary advised Claimant that the Court would take no further action in the matter. Letter, 1/19/23.

---

[3] The Prothonotary also instructed Claimant to submit a certificate of compliance with the Public Access Policy, a signed proof of service, a copy of the agency decision that Claimant sought to appeal and a copy of the November 17, 2022 notice. *See* Notice, 11/17/22.

On January 23, 2023, Claimant filed an ancillary petition for review. *See* Ancillary Petition for Review, 1/23/23. On March 15, 2023, this Court issued a defect correction notice instructing Claimant to submit a complete copy of the Board's decision within 14 days. *See* Defect Correction Notice, 3/15/23. Claimant complied with the defect correction notice within the requisite timeframe. *See* Response to Defect Correction Notice, 3/27/23.

Judicial review of a governmental determination "shall be obtained by filing a petition for review." Pa.R.A.P. 1511; *see also* Pa.R.A.P. 1502 (stating that petitions for review "shall be the exclusive procedure for judicial review of a determination of a government unit"). "A petition for review of a quasijudicial order, or an order appealable under 42 Pa.C.S. § 763(b) (awards of arbitrators) or under any other provision of law, shall be filed with the prothonotary of the appellate court within 30 days after the entry of the order."[4] Pa.R.A.P. 1512(a)(1); *see also* Pa.R.A.P. 121(a) (providing that "[p]apers required or permitted to be filed in an appellate court shall be filed with the prothonotary").

Section 211 of the Commonwealth Court's Internal Operating Procedures provides that

> [w]hen the Prothonotary receives a written communication that evidences an intention to appeal an adjudication of a state administrative agency but does not conform to the rules for an appellate petition for review, the Prothonotary shall time-stamp the written

---

[4] A petition for review shall contain: (1) a statement of the basis for this Court's jurisdiction; (2) the name of the person seeking review; (3) the name of the governmental unit that made the order sought to be reviewed; (4) reference to the order sought to be reviewed; (5) a general statement of the objections to the order or other determination; (6) a short statement of the relief sought; (7) a copy of the order to be reviewed; and (8) a certificate of compliance. Pa.R.A.P. 1513(d). Further, a petition for review shall be divided into consecutively numbered paragraphs, with each paragraph containing "as nearly as possible, a single allegation of fact or other statement." Pa.R.A.P. 1513(c).

> communication with the date of receipt. The Prothonotary shall advise the party by letter (1) of the procedures necessary to perfect the appeal and (2) that the date of receipt of the communication will be preserved as the date of filing of the appeal if that party files a fully conforming petition for review within 30 days of the date of the Prothonotary's letter. If the party fails to file a fully conforming petition for review within that period, the Prothonotary shall advise the party by letter that the Court will take no further action in the matter.

210 Pa. Code § 69.211. "[E]xcept as otherwise provided by the[] [applicable] rules, filing shall not be timely unless the papers[, such as a petition for review] are received by the prothonotary within the time fixed for filing." Pa.R.A.P. 121(a).

"It is well established that the failure to timely appeal an administrative agency's action is a jurisdictional defect." *Sofronski v. Civ. Serv. Comm'n, City of Phila.*, 695 A.2d 921, 924 (Pa. Cmwlth. 1997) (citations omitted). "[T]he time for taking an appeal cannot be extended as a matter of grace or mere indulgence." *Id.* Thus, a petitioner's failure to file a fully conforming petition for review within 30 days of notice issued by the Prothonotary in accordance with Section 211 of the Court's Internal Operating Procedures, 210 Pa. Code § 69.211, deprives the Court of jurisdiction, requiring quashal of the appeal. *See DeWitt v. Unemployment Comp. Bd. of Rev.*, 6 A.3d 586 (Pa. Cmwlth. 2010) (quashing a claimant's petition for review for failure to perfect the appeal within 30 days of the notice issued by the Prothonotary in accordance with Section 211 of the Court's Internal Operating Procedures, 210 Pa. Code § 69.211, explaining that this section "does not provide a means to further extend the time allotted to appeal" and holding that "[o]nce the [30]-day period of time lapsed, the date of the receipt of [the] [c]laimant's *pro se* communication was no longer preserved and our jurisdiction [was] relinquished"); *Ritter v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth., No. 1612 C.D. 2023, Mem.

4

& Order filed June 20, 2024) (*per curiam*), slip op. at 2-3 (granting the Board's motion to quash the petitioner's petition for review, where the petitioner failed to perfect his appeal within 30 days of notice issued by the Prothonotary in accordance with Section 211 of the Court's Internal Operating Procedures, 210 Pa. Code § 69.211);[5] *Turner v. Pa. Hous. Fin. Agency* (Pa. Cmwlth., No. 572 C.D. 2018, filed Nov. 16, 2018), slip op. at 6-7 (quashing untimely appeal due to lack of jurisdiction, where the petitioner failed to perfect her appeal within 30 days of notice issued by the Prothonotary in accordance with Section 211 of the Court's Internal Operating Procedures, 210 Pa. Code § 69.211).

Here, Claimant filed a defective appeal with this Court on September 7, 2022, within 30 days of the Board's August 26, 2022 order. By notice dated November 17, 2022, the Prothonotary advised Claimant regarding the procedures necessary to perfect her appeal and to preserve the timely filing date of September 7, 2022. Specifically, the Prothonotary warned Claimant that if she failed to perfect her appeal "**within 30 days of the date of [the] notice**, the Court [would] take no further action in [the] matter." Notice, 11/17/22. Claimant failed to respond, and the Prothonotary notified Claimant by letter dated January 19, 2023 that the Court would take no further action in the matter. On January 23, 2023, Claimant filed an ancillary petition for review, more than 30 days following the November 17, 2022 notice. Claimant's failure to perfect her appeal within the requisite timeframe deprives this Court of jurisdiction.[6] *See DeWitt*, 6 A.3d at 588-89; *Ritter*, slip op. at

---

[5] Unreported memorandum opinions of this Court issued after January 15, 2008 may be cited for their persuasive value. *See* Section 414(a) of the Commonwealth Court's Internal Operating Procedures 210 Pa. Code § 69.414(a).

[6] We observe that nothing in Claimant's initial *pro se* communication or the ancillary petition for review indicates an intention to seek *nunc pro tunc* relief.

2-3, *Turner*, slip op. at 6-7.  Accordingly, we must quash Claimant's petition for review of the Board's August 26, 2022 order.[7]

_____
CHRISTINE FIZZANO CANNON, Judge

---

[7] Although neither Claimant nor the Board addressed the issue of timeliness, this Court will do so *sua sponte*.  *See Reading Anthracite Co. v. Rich*, 577 A.2d 881, 886 (Pa. 1990) (holding that "the timeliness of an appeal is jurisdictional and will be raised by the court *sua sponte*, if necessary"); *Davis v. Dep't of Hum. Servs.* (Pa. Cmwlth., No. 691 C.D. 2018, filed Mar. 18, 2019), slip op. at 8-9 (quashing untimely appeal for lack of jurisdiction due to the petitioner's failure to perfect her appeal within 30 days of notice issued by the Prothonotary in accordance with Section 211 of the Court's Internal Operating Procedures, 210 Pa. Code § 69.211, where neither party addressed the issue of timeliness).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Regina S. Guidera,            :
               Petitioner     :
                                 :
      v.                      :
                                 :
Unemployment Compensation    :
Board of Review,                :    No. 1543 C.D. 2022
               Respondent   :

## **O R D E R**

AND NOW, this 6th day of September, 2024, the petition for review filed by Regina S. Guidera from the August 26, 2022 order of the Unemployment Compensation Board of Review is QUASHED as untimely.

_____
CHRISTINE FIZZANO CANNON, Judge